[Civ. No. 11035. Second Appellate District, Division One.—August 31, 1936.]

FLORENCE EVANS, Appellant, v. THEODORE SHANKLIN et al., Respondents.

Potter & Potter for Appellant.

Walter S. Coen, Horace W. Danforth, Louis P. Pink, Victor O. Schmidt and William C. Stein for Respondents.

WHITE, J., *pro tem.*—This is an appeal by plaintiff from an order sustaining a demurrer without leave to amend and from a judgment entered thereon in favor of defendants. The action was brought under the provisions of section 377 of the Code of Civil Procedure to recover damages for the wrongful death of plaintiff's adult son. The complaint alleged that plaintiff was the mother of one Newton Evans; that the latter's death resulted from injuries occasioned by the carelessness and negligence of defendant Theodore Shanklin; that at the time of the death of deceased he was about 45 years of age; that plaintiff herself was at said time of the age of 67 years; that her husband, the father of her deceased son, had been dead for many years; that said deceased son was married at the time of his death; that there was living as the issue of his said marriage two adult sons; that deceased had for a long time been residing separate and apart from his wife, and had not been supporting said wife. The complaint then alleged that plaintiff was at the time of the death of her son a poor person, unable to maintain herself by her own work and labor; that at the time of his death and for many years prior thereto deceased had provided generous support, maintenance, pro-

tection, amusement, entertainment, incidental expenses and spending money to his mother, the plaintiff; that her son entertained great regard and affection for plaintiff; was solicitous for her comfort, convenience and welfare; that he gave to plaintiff comfort, love and advice at all times, and that she had every reasonable expectation that the same would continue during her natural life; and that by reason of her son's death plaintiff had suffered damages.

The defendants included Theodore Shanklin, alleged to have wrongfully caused the death of plaintiff's son, and the widow and two sons of the deceased, all of whom demurred to the complaint upon the grounds that: (1) the complaint did not state a cause of action; (2) the plaintiff had not legal capacity to sue; and (3) defect or misjoinder of parties plaintiff. It is at once apparent that the question before us on this appeal is whether the mother of a deceased adult child, which child is married and leaves issue, and which mother concededly was not entitled at the time of the death of her son to succeed to any part of his estate under the laws of succession, is nevertheless an "heir" within the meaning and purport of section 377 of the Code of Civil Procedure, and, therefore, entitled to maintain an action to recover damages for the wrongful death of her said son. In the absence of the relationship of employer and employee between the defendant Shanklin and the deceased, it is conceded that this action can only be maintained under section 377 of the Code of Civil Procedure. That section reads as follows:

"When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case, may be just."

Appellant earnestly contends that the intent of the legislature, as expressed in the foregoing section, was to provide a right of action to each member of the family who

was receiving or could have a right to expect to receive comfort, support and protection from the deceased. Appellant further contends that the provisions of the section should be liberally construed so as to carry out the object and intent thereof. It has been held that the terms of a statute should be construed with their intent and purpose in view. (*Evans* v. *Selma Union High School District,* 193 Cal. 54 [222 Pac. 801, 31 A. L. R. 1121].) The purpose and object that the legislature had in mind sometimes throws light upon the meaning of the language used. In interpreting the intent of the legislature, as expressed in section 377 of the Code of Civil Procedure, our Supreme Court, in the case of *Redfield* v. *Oakland C. S. Ry. Co.,* 110 Cal. 277, 290 [42 Pac. 822, 1063], said: "The recovery is for the injury inflicted upon the plaintiffs personally, and not for injuries inflicted upon her [the deceased]; and the word 'heirs' in the statute is intended to *limit the right of recovery* to a class of persons who, because of their relation to the deceased, are supposed to be injured by her death". (Italics ours.) In other words, the plain design of the statute is to give solely to the members of a certain class the opportunity to recover damages for such pecuniary loss as they have suffered by reason of the death of the decedent, and to recompense, in so far as the law can do so, each of such class who has suffered pecuniary loss. (*Ginochio* v. *City and County of San Francisco,* 194 Cal. 159, 168 [228 Pac. 428].) The question immediately presents itself as to what class of persons does the statute "suppose" to be injured by the wrongful death, by reason whereof they are invested with a right of action against the person responsible for such wrongful death. Recourse to the statute itself immediately impresses us with the fact that the statute by its terms means "heirs", because, in *Estate of Riccomi,* 185 Cal. 458, 460 [197 Pac. 97, 14 A. L. R. 509], it is held that where the action is brought or the money recovered by the personal representative of the deceased, such personal representative is acting solely as a statutory trustee for the benefit of the heirs on account of whom the recovery is had. (See *Ruiz* v. *Santa Barbara etc. Co.,* 164 Cal. 188, 191 [128 Pac. 330]; *Webster* v. *Norwegian M. Co.,* 137 Cal. 399 [70 Pac. 276, 92 Am. St. Rep. 181].) We next turn to a definition of who is an

"heir" and whether such definition includes a mother under the facts of this case. In *Redfield* v. *Oakland C. S. Ry. Co.,* *supra,* the meaning of the word "heirs" was declared to be all "those who are capable of inheriting from the deceased person" under our statutes of succession, or, as said in *Estate of Watts,* 179 Cal. 20, 22 [175 Pac. 415], "the persons who would by the statute succeed to the real estate (or in California estate of any kind) in case of intestacy." Proceeding now to the law of succession, as defined in our Probate Code, we find that upon the death of the husband, in the absence of any testamentary disposition by him, the entire community property goes to the surviving spouse, while in the case of separate property, where the husband dies leaving a surviving spouse and more than one child living, as was the case here, the separate estate goes one-third to the surviving spouse and the remainder in equal shares to his children. (Probate Code, secs. 201, 201.5, 221, 222, 223.) So we find that in the instant case, by reason of the surviving spouse and living children, the mother of the decedent would not, under our statutes of succession, succeed to any of her deceased son's estate, and therefore the plaintiff in this case, by reason thereof and the decision of our Supreme Court as announced in the cases heretofore cited, and in particular the case of *Ginochio* v. *City and County of San Francisco,* *supra,* is not an heir. The rule of law which refutes the claim that the mother of the decedent therein suffered a pecuniary loss by the death of her son is thus stated in *Estate of Riccomi, supra,* at p. 461. "It is the pecuniary loss to an *heir* by reason of the death that is recoverable, and that only". (Italics ours.)

Such a cause of action as that conferred by section 377 of the Code of Civil Procedure did not exist at common law. It is not an inherent right. It exists only so far, and in favor only of such persons, as the legislative power may declare. Many considerations of public policy affect the question of the propriety and extent of such laws, the weight and effect of which, and the method of meeting or avoiding them, are matters resting exclusively in the legislative discretion. Though we might feel that considerations of social security and social justice should dictate that a mother situated as was the plaintiff mother here,

living with and dependent upon her son for support and maintenance, remembering the son's separation from the latter's wife, coupled with his legal obligation during his lifetime under the provisions of section 206 of the Civil Code to maintain his mother, should have a right to bring an action for damages occasioned by the wrongful death of her son; nevertheless, the decision of the legislature as to how far it will extend the right is conclusive, unless it appears beyond rational doubt that an arbitrary discrimination between persons or classes similarly situated has been made without any reasonable cause therefor. (*Matter of Miller*, 162 Cal. 687 [124 Pac. 427]; *Matter of Martin*, 157 Cal. 51, 57 [106 Pac. 235, 26 L. R. A. (N. S.) 242].) We do not feel that the courts can say that there is no reasonable ground for the exclusion of mothers and other members of the family from the benefits of the act when, as in the instant case, there are a surviving spouse and two surviving children. Hence we must give it effect as an act within the legislative discretion. (*Pritchard* v. *Whitney Estate Co.*, 164 Cal. 564, 568 [129 Pac. 989].) The remedy for extending the right of action to the mother under the facts and circumstances of this case must come from the legislature.

Since there is no appeal authorized from an order sustaining a demurrer without leave to amend, the attempted appeal from such order is dismissed.

For the reasons herein stated, the judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1936.