[Civ. No. 11644. First Dist., Div. Two. Oct. 9, 1941.]

SARAH O. WHEELER, Respondent, v. JESSIE BROWN, Appellant.

O'Connor, Neubarth & Moran and Harold H. Cohn for Appellant.

Jos. H. Huberty and Edmund Scott for Respondent.

STURTEVANT, J.—On the evening of November 23, 1935, after attending the football game between Stanford University and the University of California, the parties hereinafter named were driving north on the Bayshore Highway between Palo Alto and Redwood City. David Wheeler was driving a Chevrolet coupé. Miss Margaret Martin was seated at his right, Richard Wheeler, his brother, was seated on the extreme righthand side, Mrs. Snyder, formerly Miss Laura Colby, was seated in his lap. As they drove up the coast an automobile accident occurred and as a result of the collision Richard Wheeler was killed and his mother commenced this action to recover damages.

At the place of the accident the highway is divided into four lanes. Down the middle of the highway extends a double white line. Traveling from south toward the north the first righthand lane is known as the fast lane, the second is known as the slow lane, and still to the right is a ten foot shoulder. The first lefthand lane is known as the fast lane, the second is known as the slow lane, and farther to the left is a ten foot shoulder. In places the traffic was heavy, in other places it was not. The Wheeler car was, as stated above, a Chevrolet coupé. As it proceeded in the fast lane it overtook and bumped the right rear end of a Buick car occupied by Mr. and Mrs. Batelle. The impact caused the Chevrolet car to come to a full stop. It also caused an interlocking of its front bumper with the rear bumper on the Buick. The evidence discloses that Mr. Batelle, David Wheeler, and Richard Wheeler got out of their respective cars, unfastened the interlocking above mentioned, moved the Buick car five or six feet forward, and both David and Richard attempted to move the Chevrolet. The motor would run but the car could not be moved forward or backward. The evidence discloses that David Wheeler at times moved all

around the Chevrolet car, at another time he entered the car, attempted to move it, failed in the attempt, and again stepped out of the car on the lefthand side. The evidence also discloses that at one time both Mr. and Mrs. Batelle and Richard Wheeler were standing on the lefthand side of the Chevrolet near its lefthand door and a few feet back of the rear end of the Buick. While they were in that position Mr. and Mrs. Frank Brown drove their Buick car from south to north. They had been traveling in the slow lane but as they approached the rear end of the Chevrolet Mrs. Brown swerved her car to the left, passed the Chevrolet on its lefthand side, brushed it as she did so, continued forward and knocked down Richard Wheeler, Mr. Batelle, and Mrs. Batelle. From the injury received by being knocked down Richard Wheeler died.

The Wheelers had purchased theater tickets and their party was traveling to San Francisco to attend the theater. There was evidence that the Batelles and the Wheeler party had been at the point of the collision from three to five minutes before the Brown car approached. At the exact moment of the impact the evidence discloses that Mr. and Mrs. Batelle had offered to take Miss Colby and Miss Martin to San Francisco. Richard Wheeler was in the act of searching his pockets for theater tickets and was standing to the left of the Chevrolet. There was no evidence as to where he looked from the time the Chevrolet hit the Batelle car until the Brown car hit him. The testimony on those specific facts was given by witnesses produced by the plaintiff. Mr. Brown testified that he did not see Mr. and Mrs. Batelle or Richard Wheeler before the accident, neither did he see the Buick car until his car had passed the Chevrolet. Mrs. Brown's deposition was introduced in evidence. In that deposition she testified that her car hit the rear end of the Batelle car but she did not know that it hit the Chevrolet or any human being. Neither Mr. nor Mrs. Batelle was called as a witness. There was no evidence of where decedent looked at any time. Except as mentioned, there was no other eye witness.

The plaintiff asked and the trial court gave an instruction which embodied the provisions of subd. 4, section 1963 together with the provisions of subd. 2 of section 2061 of the Code of Civil Procedure. The defendant claims that

under all of the facts said instruction should not have been given. (*Clary* v. *Lindley*, 30 Cal. App. (2d) 571 [86 Pac. (2d) 920].) That is, the defendant contends that in an action in which the plaintiff personally, or his witnesses, give uncontradicted testimony as to the acts and conduct of the injured person at the time of the accident, the presumption is dispelled and the issue should be submitted and tried on the direct evidence. (*Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1, 9 [210 Pac. 269].) At the page cited the court said: ''From the foregoing we deduce that a fact is proved as against a party when it is established by the *uncontradicted testimony* of the party himself or of his witnesses, under circumstances which afford no indication that the testimony is the product of mistake or inadvertence; and that when the fact so proved is wholly irreconcilable with the presumption sought to be invoked, the latter is dispelled and disappears from the case.'' (Italics ours.) It will be noted that the rule quoted was addressed to a case where the issue '' . . . is established by the *uncontradicted testimony* of the party himself or his witnesses. . . . '' The importance of that limitation is clearly shown by what is said in *Westberg* v. *Willde*, 14 Cal. (2d) 360, 367 [94 Pac. (2d) 590]. This defendant earnestly contends that in the instant case there was no conflict in the testimony and that the testimony showed that Richard Wheeler was guilty of contributory negligence. From what we have said above we are unable to say there was any evidence of contributory negligence on the part of the decedent. Furthermore it will hardly be contended that the decedent was not entitled to get out of the car in which he was riding. It will be conceded at once that he was in a position of danger, but it must also be conceded that both he and his brother were called upon to move their car if they could do so. The defendant stresses the fact that the decedent was standing in the road three to five minutes. It is not claimed, however, and there was no evidence, that he stood in a fixed position from three to five minutes while he was in the act of attempting to locate the theater tickets. Except as we have noted no direct evidence was adduced showing the omission on the part of Richard Wheeler to exercise due care for his own safety. We conclude therefore that the trial court did not err in

giving the instruction complained of. (*Westberg* v. *Willde, supra.*)

The defendant also contends that the instruction as given was an incorrect statement of the law. However, as hereinabove recited a comparison shows that the instruction was so worded as to be a fair summary of two code sections.

The jury returned a verdict in the sum of $20,000. In denying the motion of the defendant for a new trial the trial court reduced that amount to $15,000. The defendant now contends that the amount of the judgment is excessive. She calls attention to evidence showing the age of the plaintiff, her life expectancy, the contributions of the decedent, his salary at the time of his death, and numerous other facts showing both the possibilities and the probabilities of his contributions had he lived and, basing her contention on all of these facts, she contends the verdict was excessive. Such argument was proper to be made to the jury and we may assume the defendant made it. But the power of this court to disturb a verdict as being excessive rests on a basis that is now well established by a long line of decisions. That rule is that unless the excess appears as a matter of law or is such as to suggest at first blush, passion, prejudice, or corruption on the part of the jury, the verdict may not be disturbed by a court of review. (*Wiezorek* v. *Ferris,* 176 Cal. 353, 358 [167 Pac. 234].) None of those elements are shown in the record before us. The contention now made is not well founded.

The judgment appealed from is affirmed.

Nourse, P. J., and Dooling, J. *pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 1, 1941.