Connie **GALINDO**, Plaintiff,

v.

Ernest H. **BROWNELL**, Lumbermens Mutual Casualty Co., County of Los Angeles, Defendants.

No. 64–1259.

United States District Court
S. D. California,
Central Division.
March 22, 1966.

Phill Silver, Hollywood, Cal., for plaintiff.

Harold W. Kennedy, County Counsel, Robert C. Lynch, Asst. County Counsel, Los Angeles, Cal., for defendant Brownell.

Wallbert & Glaser, Maurice H. Wallbert, Los Angeles, Cal., for defendant Lumbermens Mut. Cas. Co.

WHELAN, District Judge.

The motions of defendants Ernest H. Brownell and Lumbermens Mutual Casualty Co., surety of Los Angeles County

under employee performance bonds, to dismiss plaintiff's action for lack of jurisdiction and for failure to state a claim on which relief can be granted, were heard by this Court on January 7, 1966, and thereupon taken under submission. Defendants contend that plaintiff, mother and sole custodian of the minor fatally shot by defendant Los Angeles County deputy sheriff, has no standing under the Civil Rights Act, 42 U.S.C. § 1983, to bring an action for damages for alleged deprivation of the decedent's constitutional and federally protected rights. Defendants concede that the Fifth Circuit has rejected the theory advanced by their motions. In Brazier v. Cherry, 293 F.2d 401 (C.A.5 1961), certiorari denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136, it was held that the widow and administratrix of the victim of conduct alleged to be violative of the decedent's federal and constitutional rights could maintain a suit for damages under Sections 1983, 1981, and 1985(3) of the Civil Rights Act, none of which expressly provide for any recovery by the victim's legal representative. While the determination was unnecessary to the holding in Brazier v. Cherry, the court there indicated that such an action would be proper whether the recovery sought was "damages sustained by a decedent during his lifetime," commonly protected by state survival statutes, or "damages sustained by his survivors as a result of his death," commonly conferred by state wrongful death statutes. Id. 293 F.2d at 403–404, fn. 7. The benefit of such state provisions is secured to those whom the Civil Rights Act was designed to protect by Section 1988 of the Act, 42 U.S.C. § 1988, which as recodified provides in pertinent part:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against the law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause * * *.

Said construction of Section 1988 is consistent with its interpretation by the Eighth Circuit in Pritchard v. Smith, 289 F.2d 153, 88 A.L.R.2d 1146 (C.A.8 1961) where state law was invoked to authorize survival of a Civil Rights action against a decedent defendant. California statutes provide both for survival of actions by a decedent's executor or administrator, § 573 Cal.Probate Code, and for wrongful death actions by a decedent's heirs or personal representative, § 377 Cal.Code of Civil Procedure. Plaintiff herein, who, judging from her amended complaint, seeks only to maintain a wrongful death action for any pecuniary loss sustained by loss of her son's society, comfort, attention, services and companionship, has standing as an heir of the decedent to sue for damages for his wrongful death, see Evans v. Shanklin, 16 Cal.App.2d 358, 60 P.2d 554 (1936), or so we must assume for purposes of passing upon a motion to dismiss. In the opinion of this Court resort to such remedy is necessary to render the Civil Rights Act fully effective in this case and is therefore sanctioned under 42 U.S.C. § 1988. For the foregoing reasons,

It is ordered that each of the defendants' motions to dismiss the amended complaint is hereby denied.