Opinion
 

 FRANSON, J.
 

 Appellant has purported to allege a class action for equitable relief on behalf of heroin addicts “who are now or will in the future be incarcerated in the Tulare County Jail” and to declare and enjoin as unconstitutional the present practices of respondents in failing to provide adequate medical treatment for admittees to the jail, primarily “pre-trial detainees.” Appellant alleges that he is the natural father and sole surviving heir of Arturo L. Alvarez, Jr., deceased, who died on September 22, 1975, as a direct and proximate result of respondents’ negligent acts and omissions.
 

 The complaint alleges that the decedent was arrested and placed in the Tulare County jail on September 5, 1975, for being under the influence of heroin; that despite the fact that respondent knew or should have known that decedent was about to suffer from heroin “withdrawals” he was not furnished proper medical attention at the jail from September 5 to September 17, when he was transported to a hospital where he died from congestive heart failure caused by the withdrawal from heroin.
 

 Appellant seeks a declaration that the present medical treatment or lack of treatment of heroin addicts in the county jail denied decedent and the members of the class their constitutional rights to a fair and speedy trial and the equal protection and due process of the law; that said treatment constitutes cruel and unusual punishment and denies rights secured to the class members under certain California Penal and Health and Safety Code sections as well as under the California Constitution. Appellant also seeks to enjoin respondents from refusing to establish an adequate method of determining in a medically recognized way which of the admittees to the jail are addicted to heroin and in need of treatment and rehabilitation for their addiction, to provide those addicts with medical treatment for the consequences of their withdrawal from heroin and to provide qualified and competent medical therapy to all heroin addicts committed to respondents’ care and custody at the jail.
 

 
 *602
 
 Respondents’ general demurrers to the various causes of action alleged in the complaint were sustained by the trial court with leave to amend and with the suggestion by the trial judge that appellant might be able to state a cause of action for damages for the wrongful death of his son under the California wrongful death statute.
 
 [1]
 
 Appellant, however, elected to stand on his complaint without amending, and on respondents’ motion, a judgment of dismissal was entered. Appellant has appealed from the judgment of dismissal.
 

 Discussion
 

 Appellant has carefully framed the basic issue on appeal: can a cause of action for declaratory and injunctive relief predicated on the wrongful death of his son be stated under the California wrongful death statute? For the reasons to be explained, we answer the question in the negative.
 

 Before discussing the basic question, we observe preliminarily that the complaint does not meet the requirements of a class action because appellant, as the named plaintiff, is not a member of the class which he purports to represent.
 
 (La Sala
 
 v.
 
 American Sav. & Loan Assn.
 
 (1971) 5 Cal.3d 864, 875 [97 Cal.Rptr. 849, 489 P.2d 1113].) There is no allegation that appellant is or ever will be an addict in the Tulare County jail. Additionally, the complaint fails to set forth an ascertainable class since it is impossible to ascertain what persons in the future will be heroin addicts confined in the Tulare County jail. (See
 
 Vasquez
 
 v.
 
 Superior Court
 
 (1971) 4 Cal.3d 800, 809 [94 Cal.Rptr. 796, 484 P.2d 964];
 
 Home Sav. & Loan Assn.
 
 v.
 
 Superior Court
 
 (1974) 42 Cal.App.3d 1006, 1010 [117 Cal.Rptr. 485].)
 

 We also observe that the alleged class members are not the heirs of the decedent (Code Civ. Proc., § 377, subd. (b)); hence, the class action part of appellant’s complaint cannot be founded on the California wrongful death statute.
 

 Turning to the basic question whether the wrongful death statute authorizes an action for equitable relief by wa'y of declaratory judgment and injunction, we point out that a remedy for wrongful death
 
 *603
 
 is purely a creature of statute. Thus, it must stand or fall by the terms of the statute under which recovery is sought. (55 Cal.Jur.2d, Wrongful Death, § 9, pp. 402-403, § 61, p. 471; 4 Witkin, Summary of Cal. Law (8th ed.) Torts, § 891, p. 3180.) On its face, section 377 authorizes only an action at law for damages. It does not authorize equitable relief. The statute is solely for the benefit of a decedent’s heirs, by which they may be compensated for the pecuniary value of injuries suffered by them by reason of the loss of their relative
 
 (Krouse
 
 v.
 
 Graham
 
 (1977) 19 Cal.3d 59, 68 [137 Cal.Rptr. 863, 562 P.2d 1022];
 
 Steed
 
 v.
 
 Imperial Airlines
 
 (1974) 12 Cal.3d 115, 122 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204]).
 

 Appellant cites
 
 Mattis
 
 v.
 
 Schnarr
 
 (8th Cir. 1974) 502 F.2d 588, for the proposition that our wrongful death statute can be construed to authorize equitable relief in addition to a monetary claim for damages. In
 
 Mattis, supra,
 
 plaintiff’s minor son had been shot and killed by police officers while attempting to escape arrest. The federal trial court held inter alia that the minor’s father did not have standing to bring a declaratory relief action challenging the constitutionality of Missouri statutes which authorized the officers’ actions. On appeal, the court held that the father did have standing to bring such an action. It held that the killing of the plaintiff’s son violated the plaintiff’s constitutionally protected right to raise his minor child. (502 F.2d at pp. 593-596.)
 

 Mattis, supra,
 
 is not in point, however, for there the action was filed in the federal court under the federal Civil Rights Act (42 U.S.C. § 1983), which expressly authorizes both actions at law and suits in equity.
 
 [2]
 
 Moreover, unlike the present action, in
 
 Mattis, supra,
 
 the civil right that had been violated was the plaintiff’s constitutional right to raise his minor child. Here, the constitutional rights allegedly violated are those of a person other than the plaintiff—his deceased son.
 

 Under the federal Civil Rights Act (§ 1983), if an action is brought in the federal court for a wrongful death, state remedies will be engrafted onto the federal remedies. (42 U.S.C. § 1988.) In
 
 Brazier
 
 v.
 
 Cherry
 
 (5th Cir. 1961) 293 F.2d 401, it was reasoned that the civil rights legislation was designed to protect citizens not only from violence that would injure but also from violence that would kill. Because no express provision was
 
 *604
 
 established for the survival of section 1983 claims where death occurs, it was held that Congress must have intended by section 1988 to adopt as federal law the forum state’s law on survival of claims for wrongful death. (Thus, if appellant had filed the present action in the federal court under the Civil Rights Act, he arguably would be able to obtain equitable relief concerning the constitutionality of respondents’ acts allegedly causing the death of his son.
 
 (Mattis
 
 v.
 
 Schnarr, supra,
 
 502 F.2d at p. 595.)
 
 [3]
 

 However, if. an action for the wrongful death of a relative is brought under the federal Civil Rights Act in a state court,
 
 [4]
 
 then the state wrongful death statute will govern any claim for damages.
 
 (Jones
 
 v.
 
 Hildebrant
 
 (1976) ___ Colo. ___ [550 P.2d 339, 343-344].) This is because the federal courts have held that although no remedy is expressly provided under the federal Civil Rights Act for the death of a relative, section 1988 incorporates the state wrongful death statutes into section 1983 actions in order to effectively implement the policies of the federal act. (See
 
 Wolfer
 
 v.
 
 Thaler
 
 (5th Cir. 1976) 525 F.2d 977;
 
 Spence
 
 v.
 
 Staras
 
 (7th Cir. 1974) 507 F.2d 554;
 
 Mattis
 
 v.
 
 Schnarr, supra,
 
 502 F.2d 588;
 
 Brazier
 
 v.
 
 Cherry, supra,
 
 293 F.2d 401.)
 

 The question nonetheless remains as to whether the equitable relief authorized by section 1983 of the federal Civil Rights Act is available in a state court action for . the wrongful death of a relative. While this question is one of first impression in California, we believe the answer must be in the negative. In
 
 Jones
 
 v.
 
 Hildebrant, supra,
 
 550 P.2d 339, the petitioner, mother of a 15-year old son who was shot and killed by respondent while respondent was acting in his capacity as a Denver police officer, brought suit in her own behalf in state court. Respondent defended on the ground that he had shot petitioner’s son as a fleeing felon using no more force than was reasonably necessary. The amended complaint sought compensatory damages of $1,500,000 and punitive damages of $250,000 based on three claims for relief: battery, negligence, and intentional deprivation of federal constitutional rights. The first two claims were admittedly based on the Colorado wrongful death statute
 
 *605
 
 which limited compensatory damages to $45,000 and disallowed punitive damages; the third claim was based on 42 United States Code section 1983. Prior to trial, the court dismissed the section 1983 claim ruling that it merged with plaintiff’s other claims under the Colorado wrongful death statute. The Supreme Court of Colorado agreed: “We therefore conclude that Colorado’s wrongful death remedy would be engrafted into a § 1983 action if brought in a federal court. However, because the instant suit was brought in state court and joined with a suit under the state wrongful death statute, the trial court properly ruled that the two actions were merged so that the § 1983 claim should be dismissed.” (550 P.2d at p. 344.) The court also held: “The federal courts have consistently held that one may not sue for the deprivation of another’s rights under § 1983, and that a cause of action can be maintained only by the ‘person injured’ [citations omitted.] [The mother] therefore cannot sue in her own right for the deprivation of her son’s rights apart from her remedy under the wrongful death cause of action.” (550 P.2d at p. 345.)
 

 The court then held that the plaintiff’s action for damages was limited to the amount provided by the Colorado statute/ We glean from
 
 Jones
 
 v.
 
 Hildebrant, supra,
 
 the principle that when an heir sues in a state court for the wrongful death of a relative, even though the suit is brought under the federal Civil Rights Act, the heir’s remedy is limited to that authorized by the wrongful death statute of the state; i.e., in California, a claim for damages. (Code Civ. Proc., § 377.) Thus, under the rationale of
 
 Jones
 
 v.
 
 Hildebrant, supra,
 
 any claim by appellant for equitable relief under section 1983 of the federal Civil Rights Act predicated on the death of his son would be dismissed.
 

 Ninth Circuit decisions also recognize that relief in a wrongful death action in California is limited to pecuniary damages. (See
 
 United States
 
 v.
 
 English
 
 (9th Cir. 1975) 521 F.2d 63, 70;
 
 Galindo
 
 v.
 
 Brownell
 
 (S.D.Cal. 1966) 255 F.Supp. 930.)
 

 Because appellant did not amend to allege an action for damages for the wrongful death of his son, he has not stated a cause of
 
 *606
 
 action under the California wrongful death statute. Thus, the judgment of dismissal was proper.
 

 The judgment is affirmed.
 

 Gargano, Acting P. J., and Hopper, J., concurred.
 

 A petition for a rehearing was denied August 5, 1977, and appellant’s petition for a hearing by the Supreme Court was denied September 15, 1977.
 

 In
 
 Jones
 
 v. Hildebrant, supra, certiorari was granted by the United States Supreme Court. On June 16, 1977, in a
 
 per curiam
 
 opinion, the court dismissed the petition for certiorari as improvidently granted. It declined to rule on the question whether a section 1983 claim based on an alleged deprivation of the petitioner’s personal constitutional rights as a result of the death of her child, as contrasted with the asserted violation of the son’s constitutional rights (as alleged in the instant case), would require remedial assistance from the state wrongful death statute or that recovery on such a claim would be limited by that statute.
 
 (Jones
 
 v.
 
 Hildebrant
 
 (1977) 432 U.S. 183 [53 L.Ed.2d 209, 97 S.Ct. 2283].)
 

 [1]
 

 California Code of Civil Procedure section 377 providesin pertinent part: “(a) When the death of a person is caused by the wrongful act or neglect of another,
 
 his or her heirs or personal representatives on their behalf
 
 may maintain an action
 
 for damages
 
 against the person causing the death, . . . The respective rights of the
 
 heirs
 
 in any award shall be determined by the court.” (Italics added.)
 

 [2]
 

 42 United States Code section 1983 provides: “Every person who, under color of
 
 any
 
 statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress." (Italics added.)
 

 [3]
 

 In
 
 Mattis,
 
 the plaintiff’s son was a
 
 minor.
 
 The court emphasized that it was recognizing the plaintiff’s constitutional right “to raise his son.” Query, as to whether the law will recognize a constitutional right to the society and support of an adult child? In the present case, appellant has not alleged the age of his son at the time of his death.
 

 [4]
 

 State courts have concurrent jurisdiction over actions arising under section 1983.
 
 (Williams
 
 v.
 
 Horvath
 
 (1976) 16 Cal.3d 834, 837 [129 Cal.Rptr. 453, 548 P.2d 1125];
 
 Brown
 
 v.
 
 Pitchess
 
 (1975) 13 Cal.3d 518, 520-523 [119 Cal.Rptr. 204, 531 P.2d 772].)