[No. E002465. Fourth Dist., Div. Two. Oct. 28, 1986.]

RICHARD COLLINS et al., Plaintiffs and Appellants;
ERIK DWIGHT ROSS, a Minor, etc., Plaintiff and Respondent, v.
HEMET VALLEY HOSPITAL DISTRICT et al.,
Defendants and Respondents.

COUNSEL

Peter Amschel for Plaintiffs and Appellants.

Swarner & Fitzgerald, Jere L. Fox and Lewis Jacobsen for Plaintiff and Respondent.

No appearance for Defendants and Respondents.

OPINION

KAUFMAN, J.—Richard and Ruth Collins, the parents of Patricia Ross, deceased, appeal from an order purporting to determine they were not dependent parents of their deceased daughter and are not, therefore, entitled to share in a $100,000 settlement made with one of two defendants in a wrongful death action prosecuted by them and the minor child of the decedent.

FACTS

Richard and Ruth Collins, the parents of Patricia R. Ross (the decedent), instituted an action in the Riverside Superior Court on behalf of themselves and Erik Dwight Ross, the decedent's minor child, against Hemet Valley Hospital District and C. P. Lu, M.D., for damages for wrongful death. The decedent and her husband, the minor's father, had been divorced and the minor was in the custody of and was being supported by his father. The parties appear to have been on good terms, however, and Richard Collins,

the decedent's father and the minor's grandfather, was appointed guardian ad litem for the minor and Amschel Law Corporation purported to act as attorney for all three plaintiffs.

The complaint alleged the decedent was hospitalized on or about August 8, 1983, with severe upper respiratory obstruction and that through negligence on the part of the hospital district and malpractice on the part of Dr. Lu, the decedent was rendered unable to breathe, became comatose and died on February 15, 1984.

In 1985, settlement negotiations were instituted, and demand was made on defendant C. P. Lu, M.D., for settlement. A settlement agreement was reached in which defendant Lu agreed to pay $100,000 in exchange for a release and dismissal of the action as to him.

On May 29, 1985, Richard Collins, as guardian ad litem of the minor, filed a petition under section 372 of the Code of Civil Procedure for approval of a minor's compromise based on the $100,000 settlement with defendant Lu. The petition sought distribution of the settlement proceeds as follows: the sum of $249.76 for costs, $33,300 for attorney's fees, and $66,450.24, the net balance of the settlement sum, to be divided equally between the parents and the minor son of the decedent.

On June 20, 1985, the court noted a potential conflict between the minor and Richard Collins, his guardian ad litem, and ordered the matter continued. On June 27, counsel for Mr. and Mrs. Collins requested an approval of the settlement as to all three plaintiffs. In their points and authorities it was urged, however: "If the Court will not approve of the equal division of the settlement proceeds then we propose to suggest . . . that the court appoint the [father] of the minor as guardian and relieve [Richard Collins] of his responsibilities as guardian, and then set a contested hearing on the matter." Counsel further requested payment of attorney's fees and that "the balance of the settlement be ordered deposited into an . . . account pending the decision of the Court as to the distribution of the monies."

On July 1, 1985, a minute order was made and filed which approved the compromise settlement ($100,000), and approved, without prejudice, attorney's fees to Amschel Law Corporation ($20,000), but which reserved jurisdiction with regard to (1) distribution of the net proceeds of the settlement, and (2) the amount which should be properly allowed as attorney's fees to attorney for guardian ad litem. The court also appointed Jere L. Fox, attorney at law, as a substitute guardian ad litem to represent said minor.

Thereafter Mr. Fox, as the minor's substitute guardian ad litem, renewed the petition for approval of the compromise but requested that the entire net proceeds of the settlement, less reasonable attorney's fees, be allocated to the minor. On July 25, 1985, the court held a contested hearing as urged in the Collinses' points and authorities. Richard Collins testified and Mr. Fox and counsel for the Collinses both argued.

On August 14, 1985, the court issued a minute order determining that "Mr. and Mrs. Collins are not heirs, nor dependent parents, and are not entitled to a share of the settlement[,]" allowing $25,000 attorney's fees to Amschel Law Corporation, and directing: "After payment of above, balance to be placed by special guardian ad litem in a blocked account for benefit of minor, with full notice to father of minor."

The Collinses contend on appeal in substance that the trial court's determination they were not dependent parents of the decedent is not supported by substantial evidence and was legally erroneous because the trial court employed an incorrect legal standard in determining they were not dependent parents.

Additional facts concerning the evidence adduced at the hearing will be developed where pertinent in our discussion of the issues.

## DISCUSSION

### Appealability of the order

■ Appeal is a wholly statutory right and the existence of an appealable order is a jurisdictional requirement. Accordingly, it is incumbent on the court to consider the question of appealability on its own motion. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720].) Three questions present themselves with respect to the issue of appealability here. ■ First, the notice of appeal states it is taken from the minute order entered August 14, 1985. That raises the question whether the minute order was a final, appealable order in and of itself or whether some more formal order was required. While in respect to attorney's fees for the substitute guardian ad litem the minute order required the attorney "to prepare formal order," no such direction was included in the minute order of August 14, and no formal order was ever executed. The order of August 14 was sufficient to dispose of the questions reserved by the earlier order and is therefore deemed to be the dispositive, appealable order. (Cf. *Steen* v. *Board of Civil Service Commrs.* (1945) 26 Cal.2d 716, 727 [160 P.2d 816]; *Nealis* v. *Carlson* (1950) 98 Cal.App.2d 65, 66 [219 P.2d 56].)

■ Next, the notice of appeal states the appeal is taken "from that portion of the order . . . providing that '. . . Mr. & Mrs. Collins are not . . . dependent parents, and are not entitled to a share of the settlement.'" No mention is made of what appears to be the dispositive portion of the order, that after the payment of attorney's fees, the balance of the proceeds of settlement are "to be placed by special guardian ad litem in a blocked account for benefit of minor, . . ." Any problem presented by that fact is resolved by resort to the rule that the notice of appeal is to be liberally construed to permit review on the merits. (See *Luz* v. *Lopes* (1960) 55 Cal.2d 54, 59-60 [10 Cal.Rptr. 161, 358 P.2d 289]; *Thompson* v. *Keckler* (1964) 228 Cal.App.2d 199, 211 [39 Cal.Rptr. 267].) Clearly in appealing from the portion of the court's order determining they had no right to share in the settlement, Mr. and Mrs. Collins necessarily were also complaining of that part of the order awarding the entire net proceeds of the settlement to the minor.

■ Finally, the order appealed from is not one of those specifically enumerated as appealable in Code of Civil Procedure section 904.1 or Probate Code section 1240, and so far as the record indicates there has been no final judgment entered in the action even as between plaintiffs and the settling defendant. Nevertheless, we conclude the order is appealable as a final judgment on a collateral matter. (See *Hazelwood* v. *Hazelwood* (1976) 57 Cal.App.3d 693, 696, fns. 2, 3 [129 Cal.Rptr. 384]; cf. *Rich* v. *City of Benicia* (1979) 98 Cal.App.3d 428, 432 [159 Cal.Rptr. 473]; *Marrujo* v. *Hunt* (1977) 71 Cal.App.3d 972, 976, fn. 2 [138 Cal.Rptr. 220].)

We conclude the appeal is properly taken and we proceed to the merits.

*Propriety of the court's determination the Collinses were not "dependent" parents and thus not entitled to share in the settlement*

Subdivision (a) of Code of Civil Procedure section 377 authorizes the institution and maintenance of a wrongful death action by the decedent's "heirs or personal representatives" on behalf of the heirs. Subdivision (b)(1) of section 377 defines "heirs" as meaning only "[t]hose persons who would be entitled to succeed to the property of the decedent according to the provisions of Part 2 (commencing with Section 6400) of Division 6 of the Probate Code." In this case only the decedent's minor child was eligible to inherit her property.

However, subdivision (b)(2) of Code of Civil Procedure section 377 includes within the meaning of "heirs" parents of the decedent "if they were dependent on the decedent, . . ." Relying on *Hazelwood* v. *Hazelwood, supra,* 57 Cal.App.3d 693, 698, the trial court interpreted "dependent on

the decedent" as used in Code of Civil Procedure section 377 to mean "actually dependent, to some extent, upon the decedent for the necessaries of life" and concluded on the basis of the evidence presented at the hearing that Mr. and Mrs. Collins were not "dependent on the decedent." It then concluded that they were therefore not entitled to share in the settlement.

On appeal Mr. and Mrs. Collins, citing the legislative history of the amendment to Code of Civil Procedure section 377 which extended the right to sue to parents who were dependent on the decedent, urge a more expansive interpretation of the phrase "dependent on the decedent." Their contention was pretty much rejected in *Hazelwood* v. *Hazelwood, supra,* 57 Cal.App.3d 693, but, in any event, we need not reach the question, because it is apparent the trial court improvidently undertook to determine the question of whether Mr. and Mrs. Collins were in fact "dependent" parents of the decedent.

■ The question that properly confronted the court was whether Mr. and Mrs. Collinses' claim to be "dependent" parents and the fact that the settlement amount may have been based to a substantial extent on their close relationship with their deceased daughter made the proposed 50-50 division of the settlement proceeds fair. *The trial court was not called upon to determine whether Mr. and Mrs. Collins were actually "dependent" parents of the decedent.* That would have been a proper question to be determined in a trial of the wrongful death action, but there was no trial; there was a settlement based not on actual facts but claimed facts, and the fairness of the proposed settlement and division of the proceeds should have been determined on the basis of the claimed facts and the circumstances that produced the settlement offer.

Having so concluded, it is unnecessary to resolve the other contentions of the parties.

### DISPOSITION

Insofar as the order of the court determined that Richard and Ruth Collins were not "dependent" parents and therefore were not entitled to share in the settlement proceeds and insofar as it ordered the entire net settlement proceeds deposited into a blocked account for the benefit of the minor, the order is reversed and the cause is remanded to the trial court with directions to determine the fairness of the proposed division of settlement proceeds on the basis of the circumstances and claimed facts that produced the settlement and the settlement amount. Inasmuch as the parties invited the

court to do so, the court may allocate the settlement proceeds other than on a 50-50 basis if it determines the proposed 50-50 split is not equitable.

Campbell, P. J., and Dorr, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.