[S. F. No. 6768. Department One.—October 11, 1915.]

REALTY BONDS AND FINANCE COMPANY, Respondent, v. POINT RICHMOND CANAL AND LAND COMPANY, Appellant; H. C. CUTTING et al., Respondents.

JURY—SPECIAL ISSUE—CONSENT OF APPELLANT.—The impropriety of a special issue that was submitted to the jury at the request of both parties cannot be complained of by the appellant.

AGENCY—SALE OF REAL ESTATE—COMMISSIONS CONTINGENT ON PAYMENT OF PURCHASE PRICE—PREVENTION OF PAYMENT BY PRINCIPAL. In this action by an agent for the sale of a tract of land, to recover commissions, under a contract which provided that it was to receive twenty-five per cent of the selling price, "ten per cent out of the first payment and one-half of all other payments until said commission is paid in full," the evidence is held to show that the defendant, by the breaches of its agreements of sale with purchasers, had prevented the latter from paying the full amount of

forty per cent of the purchase price of the property sold, although more than that amount had become due, and that consequently the plaintiff was entitled to the full amount of the commissions, notwithstanding the fact that less than forty per cent of the purchase price had been paid.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Wm. H. H. Hart, for Appellant.

Fitzgerald, Abbott & Beardsley, and Ezra W. Decoto, for Respondent.

SHAW, J.—This is an appeal from the judgment and from an order denying a motion for new trial. The record is brought up in typewritten form under section 953a of the Code of Civil Procedure.

The plaintiff sued the appellant on a contract executed between plaintiff and appellant on September 15, 1907, whereby the appellant constituted the plaintiff its sole and exclusive agent to sell certain real property belonging to appellant. The object of the action was to recover the commissions alleged to be due to the plaintiff for the sales made by it under the agreement. Cutting and Wernse were made parties, and judgment asked against them, solely upon the ground that they are stockholders of the defendant corporation. They do not appeal and their rights are not presented for consideration except as they may depend upon the rights of the appellant. The appellant filed a cross-complaint alleging that the plaintiff was indebted to it in a sum exceeding the amount due the plaintiff for commissions, and asking judgment for the excess. The case was tried by a jury and a verdict was returned in favor of the appellant for the sum of $26.46. Judgment was rendered accordingly. The appellant claims that it should have had judgment against the plaintiff for a much larger sum.

With respect to the commissions in controversy the agreement provided as follows:

"The said party of the first part agrees to pay as commission on said sales and for remuneration for the time and expense of selling, twenty-five per cent (25%) of the amount of said sales in said tract; ten per cent (10%) out of the first payment and one-half (½) of all other payments until said commission is paid in full."

Upon the trial a question was put to the jury and answered by it as follows:

"The theory of the plaintiff is that it is entitled under the circumstances in this case to commissions in full on all of the lots sold by it whether forty per cent of the purchase price has been paid or not. Do you find for or against the plaintiff on this claim? Answer: Yes (for plaintiff)."

The argument of the appellant that it was improper to put this question to the jury is met by the fact that it was submitted to the jury at the request of both parties. The appellant also contends that the answer is not sustained by the evidence. In the aspect presented by the above paragraph of the agreement, if unaffected by any other facts, the question would be purely one of law. By the agreement the plaintiff was to receive commissions equal to twenty-five per cent of the amount of sales as made, of which ten per cent was to be taken out of the first payment and one-half of all other payments was to be applied thereon until the full twenty-five per cent was paid. In legal effect this meant that, when a sale was made, ten per cent of the purchase price was to be paid to plaintiff out of the first payment on such price and one-half of each succeeding payment was to be paid to the plaintiff, as the payments were made, until such one-half equaled fifteen per cent of the total purchase price. The result would be that the plaintiff would receive its full commission on such sale as soon as forty per cent of the total price had been paid. If this constituted the whole case, the plaintiff would not be entitled to the whole commission until the forty per cent of the purchase price was actually paid. The answer of the jury that the plaintiff was entitled to commissions in full, whether forty per cent of the purchase price had been paid or not, would be erroneous if no other facts were taken into consideration.

But the contract further provided that the appellant should within two years from the date of the agreement make extensive improvements on the land to be sold, the effect of which

would be to increase very largely the value of the lots sold to purchasers. It is clear from the provisions of the contract that the purpose and intent of making these improvements were to enhance the value of the property to the buyers and thereby to promote sales. Without the improvements the lots would have been of little value. The improvements, therefore, constituted a large part of the consideration to be received by the buyers upon their purchases. The appellant failed to make these improvements and, in consequence of such failure, many of the purchasers refused to make the deferred payments on the property. A form of contract to be used in making sales of lots, and which was so used, was agreed upon between plaintiff and appellant. This contained a statement that all payments thereunder were to be made to the plaintiff, or to some party named conjointly by it and the appellant. It also included an agreement by appellant to make the improvements above mentioned. In July, 1910, the appellant gave notice to a number of buyers that plaintiff was no longer authorized to receive such payment, and because thereof they refused to pay anyone. These, and other circumstances, tended to show that appellant, by its breaches of the agreement, had prevented purchasers from paying the full amount of the forty per cent of the purchase price of the property sold under the agreement during the agency of the plaintiff, although more than that amount had become due. Under these circumstances, the plaintiff was entitled to the full amount of its commissions upon the sales made, notwithstanding the fact that less than forty per cent of the purchase price had been paid. (*Alderson* v. *Houston,* 154 Cal. 10, [96 Pac. 884]; *Stanton* v. *Carnahan,* 15 Cal. App. 527, [115 Pac. 339]; *Justy* v. *Erro,* 16 Cal. App. 519, [117 Pac. 575].) This shows that the question put to the jury was really a question of fact, not of law, and that the answer given by the jury was correct.

The claim of the appellant that the evidence shows that the money received by the plaintiff under the agreement was in excess of the amount due it thereunder is substantially based upon the same proposition, that is, that the plaintiff was not entitled to full commissions until forty per cent of the purchase price of the sales had been paid. The answer of the jury to the above question, upon the evidence given, disposes of this claim adversely to the appellant. The further con-

tention is made that, assuming that plaintiff was entitled to the full commissions, the balance of the account was against the plaintiff. Under the aspect of the case most favorable to the appellant there was a substantial conflict of evidence on this question, and we cannot disturb the finding.

The judgment and order appealed from are affirmed.

Sloss, J., and Lawlor, J., concurred.