[S. F. No. 8054. In Bank.—September 18, 1917.]

EDSON F. ADAMS, as Executor of the Last Will and Testament of Thomas Prather, Deceased, Appellant, v. SAMUEL D. PRATHER, also Known and Sometimes Called Sam'l Dickinson Prather, Respondent; MERCED RIVER ELECTRIC COMPANY (a Corporation), et al., Defendants.

APPEAL—ORDER STAYING EXECUTION—WHEN ABSTRACT QUESTION.— An order having been made by the superior court staying an execution, and an appeal having been taken from such order upon the ground that the form of the order was insufficient under section 945 of the Code of Civil Procedure, such appeal presents merely an abstract question after the judgment on which execution was stayed has been affirmed.

APPEAL from an order of the Superior Court of the City and County of San Francisco staying execution. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Corbet & Selby, Snook & Church, and J. P. O'Brien, for Appellant.

Chapman & Trefethan, and R. H. Countryman, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—The action was brought by plaintiff as executor on behalf of creditors of Thomas Prather, deceased, to have certain conveyances of real property made by him without consideration to defendant Samuel D. Prather declared fraudulent and void. Judgment was entered as prayed for, declaring the conveyances and transfers of the property "fraudulent and void as against the creditors of Thomas Prather, deceased," and authorizing plaintiff, upon obtaining an order so to do from the superior court sitting in probate, to sell so much of the property as might be necessary to pay said creditors "in the same manner as if the said Thomas Prather had died seised thereof." By the decree "*it is further ordered* that the defendant, Samuel D. Prather, deliver to said plaintiff, as such executor, for the purposes aforesaid, all of said properties, real and personal, hereinbefore set forth and described, to be sold and applied in the manner aforesaid."

On March 20, 1916, defendant Samuel D. Prather perfected an appeal from this judgment and, desiring to stay execution thereof, presented and filed a duly executed undertaking, the sole condition of which was that during his possession of the real estate described in the decree he would protect it from waste. Thereupon the court, on June 1, 1916, made an order that execution of the judgment from which the appeal was prosecuted be stayed pending a determination thereof.

From the order so made plaintiff has appealed, his contention being that the judgment *directs the delivery of possession of real property* as to which defendant was not, under the provisions of section 945 of the Code of Civil Procedure, entitled to a stay of execution, save and except upon filing an undertaking to the effect that he would, if the judgment was affirmed or the appeal dismissed, pay the value of the use and occupation of the property during the possession thereof and until delivery of the same pursuant to the judgment.

The judgment from which Samuel D. Prather prosecuted his appeal was affirmed by an opinion of this court (*Adams* v.

*Prather, ante,* p. 33, [167 Pac. 534]). Hence, should we hold in accordance with appellant's contention that the trial judge should have required an undertaking covering the value of the use and occupation of the property pending the appeal, it would be an idle act and serve no purpose, since the judgment, the stay of execution of which was sought, having been affirmed, there is nothing upon which such order for an undertaking, if made, could operate. The issue presented by the appeal is a mere abstract proposition of law, as it must be in all such cases where the court refuses to require the giving of the statutory undertaking to stay execution of judgment. The nature of the case is such that the only adequate remedy of an aggrieved party is, as was said by this court in *Doudell* v. *Shoo,* 158 Cal. 50, [109 Pac. 615] : "If the judge of the court below refuses to perform his plain statutory duty in this respect, the remedy of the appellant is to apply to this court for a writ of mandate to compel him to do so."

For the reasons given, the appeal is dismissed.

Shaw, J., Sloss, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.