[Civ. No. 2162.   Fourth Appellate District.—March 3, 1939.]

LILLIAN KEEFER, Respondent, v. ROBERT KEEFER, Appellant.

Walter H. Robinson for Appellant.

Karl F. King for Respondent.

GRIFFIN, J.—An action for divorce was filed in San Bernardino County on November 24, 1937. Summons was served on the defendant in Los Angeles County. Appellant, after service of summons, commenced an action in Los Angeles County for the annulment of the marriage between appellant and respondent, which action was transferred to San Bernardino County on motion of the respondent herein.

The appellant, after service, failed to appear and answer in the present action within the time prescribed by law and his default was duly entered. Subsequently, appellant moved to set aside the default, which motion the court granted and allowed appellant to file his answer to the complaint "*nunc pro tunc*". Appellant then filed a motion for change of venue to Los Angeles County which was also ordered filed "*nunc pro tunc*" as of the same date. Respondent filed a motion for allowance of attorney's fees and court costs. Both motions were submitted to the court for decision under a signed stipulation between counsel. The motion for allowance of attorney's fees and court costs was submitted subject to the defendant's objection to the court hearing the same until it had passed on the motion for change of venue and "subject to the question whether it is not proper that such motion for attorney's fees and costs should be passed on only by the court to which said case may be transferred if said motion for change of venue is granted, and if not granted, that it be submitted to the above entitled court". On January 31, 1938, the court in a minute entry, simultaneously and as one act, denied appellant's motion for change of venue and granted respondent's motion for allowance of court costs and counsel fees and ordered appellant to pay to respondent the sum of $75 attorney's fees and $15 as and for costs of suit, and held that the county of San Bernardino was the proper county for the trial of the action after reviewing the

affidavits and counteraffidavits submitted with the respective motions. Appellant now appeals from those separate portions of the order and from the whole thereof.

The gist of appellant's affidavit and the sole ground for change of venue is based on the claimed fact that he resided in Los Angeles County at the time the action was filed. Respondent opposed this motion on the ground that an answer had been filed in the action and that the ends of justice would be better promoted by retaining jurisdiction in San Bernardino County.

By virtue of the stipulation and the circumstances here related, the argument of appellant as to the jurisdiction of the court to enter judgment for costs and attorney's fees, by force of its own weight loses its character of legitimacy. (Sec. 396–b, Code Civ. Proc.) This portion of the order should be affirmed. Appellant cannot upon this appeal complain of rulings assented to and acquiesced in by him. (*Realty Bonds & Finance Co.* v. *Point Richmond etc. Co.*, 171 Cal. 238 [152 Pac. 433].)

In considering the remaining point, i. e., whether the court erred in denying the motion for change of venue, our attention has been called to the fact that since this appeal has been perfected the Superior Court of San Bernardino County granted an unopposed motion by respondent in this action to consolidate the annulment proceeding and the divorce action for the purpose of trial. The two cases were subsequently tried together. The judgment was for an annulment of the marriage and a dismissal of the divorce action excepting from the order of dismissal the order allowing attorney's fees and court costs. The decree of annulment has become final. The question of error in the ruling of the court in the divorce action in the denial of the motion for change of venue is moot. An appellate court will not review questions which are moot and which are only of academic importance. It will not undertake to determine abstract questions of law at the request of a party who shows that no substantial rights can be affected by the decision either way. (*Adams* v. *Prather*, 176 Cal. 164 [167 Pac. 867] ; 2 Cal. Jur., sec. 472, p. 803.)

That portion of the order awarding court costs and attorney's fees from which this appeal is perfected is affirmed.

For the reasons stated, the appeal from the remaining portion of the judgment is dismissed.

Barnard, P. J., and Marks, J., concurred.