[No. D051521. Fourth Dist., Div. One. Aug. 7, 2008.]

In re ESPERANZA C., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
LAURA C. et al., Defendants and Appellants.

1044

COUNSEL

Donna Balderston Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant Laura C.

Julie E. Braden, under appointment by the Court of Appeal, for minor child and Appellant Esperanza C.

John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, and Gary C. Seiser, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**McINTYRE, J.**—Appellants, the minor, Esperanza C., and her mother, Laura C., appeal orders denying their petitions for modification under Welfare and Institutions Code section 388. (All statutory references are to the Welfare and Institutions Code unless otherwise specified.) Appellants contend the court erred when it determined it did not have jurisdiction to review the social services agency's denial of a criminal records exemption for abuse of discretion.

When a child is removed from parental custody, the Legislature prefers placement with the child's relatives, whenever possible. (*In re Antonio G.* (2007) 159 Cal.App.4th 369, 376–377 [71 Cal.Rptr.3d 79].) If a relative has a disqualifying criminal conviction, the child cannot be placed in the relative's home without a grant of a criminal records exemption (exemption) by the State Department of Social Services or its county designee (agency). (§ 361.4, subd. (d)(2).) An erroneous classification of a criminal conviction as a "nonexemptible" offense deprives the juvenile court of its "broad authority to make any and all reasonable orders for the care, custody and supervision of dependent children," including its specific authority to determine relative placement under section 361.3, and further diminishes the court's ability to "guide and direct" the agency's adoption placement decision. (*Fresno County Dept. of Children & Family Services v. Superior Court* (2004) 122 Cal.App.4th 626, 648, 649–650 [19 Cal.Rptr.3d 155] (*Fresno County*); see, e.g., § 366.26.)

As a matter of first impression, we hold that the juvenile court has jurisdiction to review the agency's denial of a criminal records exemption for abuse of discretion. (Cf. *Department of Social Services v. Superior Court* (1997) 58 Cal.App.4th 721, 732–734 [68 Cal.Rptr.2d 239] (*DSS*); *Los Angeles County Dept. of Children & Fam. Services v. Superior Court* (2001) 87

Cal.App.4th 1161, 1166–1167 [105 Cal.Rptr.2d 254] (*Valerie A.*).) If the juvenile court determines the agency has abused its discretion in the criminal records exemption process, the court's authority under section 388 is limited to directing the agency to consider the request for an exemption under the appropriate legal standard. (Health & Saf. Code, § 1522, subd. (g).)

### FACTUAL AND PROCEDURAL BACKGROUND

Esperanza C. was born in June 2006. Her father was not identified. Esperanza's mother, Laura C., had an extensive history of substance abuse and involvement with child protective services. The juvenile court had terminated Laura's parental rights to three older children, who were adopted by relatives.

In January 2007 the San Diego County Health and Human Services Agency (Agency) detained Esperanza in protective custody and initiated dependency proceedings. (§ 300, subd. (b).) Esperanza's maternal great-uncle, Steve C., and his wife, Shannon, (together, the C.'s) came forward and asked the Agency to place Esperanza in their home. Steve was a licensed preacher and assistant pastor at a local church. The C.'s had four teenage children who were in school, either working or participating in sports, and doing well. However, the C.'s had a history of substance abuse and involvement with child protective services, and Steve had a criminal record.

On February 7, 2007, the court sustained the section 300 petition and removed Esperanza from parental custody. The court bypassed reunification services and set a section 366.26 hearing. (§ 361.5, subd. (b)(10), (11).)

On March 20, 2007, the Agency denied the C.'s request to place Esperanza in their home. Steve had been convicted in 1978 for contributing to the delinquency of a minor under Penal Code section 272 (section 272), and in 1975 for petty theft, possession of a dangerous weapon and receiving stolen property. The Agency stated that Steve's section 272 conviction might have encompassed lewd and lascivious conduct with a child age 14 years of age or under, and classified the conviction as a nonexemptible disqualifying offense.

The Agency was also concerned about child abuse referrals it had substantiated against Shannon in 1989 and the C.'s in 1992. The C.'s children were removed from parental custody in 1992 because of substance abuse and domestic violence. The family reunified in 1996. The Agency did not recommend Esperanza's placement with the C.'s because of their child protective history and Steve's criminal convictions.

Steve asserted that his Penal Code section 272 conviction did not include lewd or lascivious conduct with a child and filed a grievance with the

Agency. Steve explained he was charged with violating section 272 when he was 21 years old after he supplied beer to his 17-year-old brother and four underage friends. The social worker stated "[t]here is no evidence to indicate that [Steve's] version of the crime takes it to an exemptible status." She reported the Agency did not receive any evidence to show Steve's section 272 conviction was exemptible, and the grievance officer was unable to overturn the denial of the C.'s relative home assessment.

On July 10, 2007, the Agency placed Esperanza in a prospective adoptive home. On July 19 Esperanza and Laura filed section 388 petitions asking the court to review the Agency's placement decision for abuse of discretion and to place Esperanza with the C.'s. The section 388 petitions alleged the Agency abused its discretion when it denied the C.'s home evaluation and Esperanza's best interests would be promoted by placement with a relative.

Without making prima facie findings, the court granted a hearing on the petitions, and asked the parties to brief whether Penal Code section 272 was a nonexemptible offense and whether the juvenile court had the authority to issue a criminal records exemption.

On August 21, 2007, the court stated it had read and considered the case file and memoranda of points and authorities. The court clarified with county counsel that the Agency sought a criminal records exemption but the administrative body indicated they were not going to grant an exemption. Minor's counsel told the court that Steve tried to submit information to show the Penal Code section 272 conviction was exemptible but he could not locate a case number or court report from 1978.

The court found that Steve's Penal Code section 272 conviction was exemptible. Despite the court's many concerns "about what went on here," the court determined it did not have jurisdiction to review the Agency's denial of Steve's criminal records exemption and could not grant an evidentiary hearing on the section 388 petitions. The court denied the section 388 petitions as a matter of law.

## APPELLATE PROCEEDINGS

On February 26, 2008, Laura filed a request with this court to take judicial notice of the C.'s notice of appeal, filed October 19, 2007, and this court's order of November 1, 2007, dismissing the C.'s appeal for lack of standing. (Evid. Code, §§ 451, 452, 453.) On February 28 this court ordered the request for judicial notice to be considered concurrently with the appeal. We grant Laura's request for judicial notice of the C.'s notice of appeal and this court's order dismissing the C.'s appeal. (Evid. Code, § 452, subd. (d).)

On April 10, 2008, on this court's own motion, we took judicial notice of the juvenile court's order of November 13, 2007, terminating parental rights and referring Esperanza to the Agency for adoptive placement. This court directed the parties to submit simultaneous letter briefs addressing the following: "Assuming arguendo error below, in view of the subsequent events that occurred in these dependency proceedings after this appeal was filed, is it possible for this court to grant effective relief or has the referral of the child to the Agency for adoptive placement rendered this appeal moot?"

On April 24, 2008, Laura filed a motion with this court to take additional evidence under section 909 of the Code of Civil Procedure. The Agency opposes the request. On May 8 this court ordered the request for additional evidence to be considered concurrently with the appeal. We deny the motion.

## DISCUSSION

### A

Appellants contend the Agency incorrectly interpreted Penal Code section 272 as a nonexemptible offense. They argue the Agency's denial of Steve's request for an exemption was an abuse of discretion subject to juvenile court review. Appellants maintain the juvenile court erred when it determined it did not have jurisdiction to review the Agency's action for abuse of discretion and summarily denied their section 388 petitions. They assert the juvenile court should have directed the Agency to evaluate the C.'s home based upon accurate information.

The Agency does not address appellants' contention the Agency erred when it classified Penal Code section 272 as a nonexemptible offense. It maintains the juvenile court lacks jurisdiction to review or override the Agency's executive decision to deny a criminal records exemption and relative home evaluation. The Agency asserts the court properly denied the section 388 petitions as a matter of law.

Before we discuss the merits of the parties' contentions, we address the Agency's arguments appellants lack standing and the appeal has been rendered moot by subsequent proceedings.

### B

The Agency contends appellants lack standing to appeal the court's denial of their section 388 petitions. It argues appellants were not aggrieved by the denial of their section 388 petitions because the juvenile court does not have jurisdiction to review and override the Agency's executive decisions. The

Agency asserts the C.'s were the only persons aggrieved by the denials, and had the right to file an administrative grievance process, which they did. (Cal. Code Regs., tit. 22, §§ 35000, subd. (g), 35215.) The Agency acknowledges Esperanza has an interest in placement with the C.'s but argues Esperanza was not aggrieved by Agency's action because she had not been placed in the C.'s home.

Generally, an aggrieved party may appeal a judgment in a juvenile dependency matter. (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 948 [124 Cal.Rptr.2d 688].) To be aggrieved, a party must have a legally cognizable interest that is injuriously affected by the court's decision. (*Ibid.*; *In re Carissa G.* (1999) 76 Cal.App.4th 731, 734 [90 Cal.Rptr.2d 561].) We liberally construe the issue of standing and resolve doubts in favor of the right to appeal. (*Ajida Technologies, Inc. v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534, 540 [104 Cal.Rptr.2d 686].)

■ As the Agency acknowledges, a child has a legally cognizable interest in his or her placement with a relative. (See *In re Marilyn H.* (1993) 5 Cal.4th 295, 306 [19 Cal.Rptr.2d 544, 851 P.2d 826] [natural children have a fundamental independent interest in belonging to a family unit]; § 361.3, subd. (a)(2) [directing the court to consider the child's wishes for relative placement, if appropriate]; *In re Miguel E.* (2004) 120 Cal.App.4th 521, 548 [15 Cal.Rptr.3d 530] [recognizing child's right to challenge a placement order].) Here, the juvenile court's determination that it could not review the Agency's erroneous classification of a criminal conviction as a nonexemptible offense foreclosed any possibility that Esperanza would be placed with the C.'s. While the administrative grievance process may protect Steve's rights and interests in an exemption of his criminal conviction, it does not necessarily safeguard Esperanza's interest in relative placement within the context of juvenile dependency proceedings. (See §§ 361.3, subd. (a), 16000, subd. (a), 16501.1, subd. (c)(1); Code Civ. Proc., § 1094.5; Discussion, *post,* at pp. 1058–1060; see also § 309; Fam. Code, § 7950, subd. (a)(1).) We conclude that Esperanza has standing to challenge the denial of her section 388 petition.

■ Until parental rights are terminated, a parent retains a fundamental interest in his or her child's companionship, custody, management and care. (*In re H.G.* (2006) 146 Cal.App.4th 1, 9–10 [52 Cal.Rptr.3d 364]; *In re Dakota H.* (2005) 132 Cal.App.4th 212, 223 [33 Cal.Rptr.3d 337]; see also §§ 361.3, subd. (a)(2) [directing the court to consider the parent's wishes for relative placement, if appropriate], 388 [allowing return to parental custody after termination of reunification services], 366.21, subd. (h) [authorizing parental visitation after termination of reunification services].) At the time of the proceedings at issue here, Laura's parental rights had not been terminated.

This court has also recognized that placement of a child with a relative has the potential to alter the juvenile court's determination of the child's best interests and the appropriate permanency plan for that child, and may affect a parent's interest in his or her legal status with respect to the child. (*In re H.G., supra,* 146 Cal.App.4th at pp. 9–10; see, e.g., § 366.26, subd. (c)(1)(A) (former subd. (c)(1)(D)); see also *In re L.Y.L., supra,* 101 Cal.App.4th at pp. 950–951.) While an alternative permanency plan to adoption may be unlikely on this record, it remains a statutory option for the juvenile court. We resolve doubts in favor of Laura's right to appeal. (*Ajida Technologies, Inc. v. Roos Instruments, Inc., supra,* 87 Cal.App.4th at p. 540.)

C

The Agency contends the issues raised in this appeal have been rendered moot by the subsequent termination of parental rights and Esperanza's placement with a prospective adoptive family. It argues when parental rights are terminated, the "exclusive care and control of the child" is placed with the Agency for adoptive placement. (§ 366.26, subd. (j).) The Agency argues this court cannot grant effective relief because Esperanza's prospective adoptive family now has statutory preference for adoption, and the juvenile court's role is limited to reviewing the Agency's adoptive placement decision for abuse of discretion. (§ 366.26, subd. (k); see *In re Sarah S.* (1996) 43 Cal.App.4th 274, 285–286 [50 Cal.Rptr.2d 503].)

Appellants contend if this court determines the juvenile court erred when it did not grant the section 388 petitions, this court must reverse the judgment terminating parental rights. They argue this court can grant effective relief by remanding the matter to the juvenile court with directions to independently review the question of relative placement, including whether the Agency considered the request for an exemption under the correct legal standard. Appellants also contend the issue whether the juvenile court has jurisdiction to review the Agency's denial of an exemption for abuse of discretion is a question of continuing public importance, and is capable of repetition, yet evading review. (*In re Christina A.* (2001) 91 Cal.App.4th 1153, 1158–1159 [111 Cal.Rptr.2d 310].)

An appellate court will not review questions which are moot and only of academic importance, nor will it determine abstract questions of law at the request of a party who shows no substantial rights can be affected by the decision either way. (*TG Oceanside, L.P. v. City of Oceanside* (2007) 156 Cal.App.4th 1355, 1385 [68 Cal.Rptr.3d 320].) An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315–1316 [94 Cal.Rptr.2d

798]; *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863 [167 P.2d 725].) On a case-by-case basis, the reviewing court decides whether subsequent events in a dependency case have rendered the appeal moot and whether its decision would affect the outcome of the case in a subsequent proceeding. (*In re Dylan T.* (1998) 65 Cal.App.4th 765, 769 [76 Cal.Rptr.2d 684].)

■ As we explained above, appellants have substantial interests at stake that may be affected by the outcome of this appeal. (*Keefer v. Keefer* (1939) 31 Cal.App.2d 335, 337 [87 P.2d 856].) A decision by this court that the juvenile court has authority to review a denial of a criminal records exemption for abuse of discretion, and to direct the agency to consider the request for an exemption under the appropriate legal standard, may affect the outcome in a subsequent proceeding. (*In re Dylan T., supra,* 65 Cal.App.4th at p. 769.) If the agency grants an exemption, the juvenile court may consider the child's placement under section 361.3 (independent review) or section 366.26, subdivision (k) (abuse of discretion review). A judicial determination under either statute may result in a change of placement. (See, e.g., *In re Lauren R.* (2007) 148 Cal.App.4th 841, 861 [56 Cal.Rptr.3d 151]; *In re H.G., supra,* 146 Cal.App.4th 1; *In re Shirley K.* (2006) 140 Cal.App.4th 65 [43 Cal.Rptr.3d 897]; *In re Jeremy W.* (1992) 3 Cal.App.4th 1407 [5 Cal.Rptr.2d 148].) We conclude the appeal has not been rendered moot by subsequent events.

### D

■ When a child is removed from parental custody, the child's relatives are given preferential consideration for placement, whenever possible. (§§ 361.3, subd. (a), 16000, subd. (a), 16501.1, subd. (c)(1); see also § 309 [mandating detention with a responsible relative]; Fam. Code, § 7950, subd. (a)(1) ["Placement shall, if possible, be made in the home of a relative, unless the placement would not be in the best interest of the child."].) The Legislature states its preference that a child who has been removed from parental custody should live in the least restrictive, most familylike setting, as close to the child's family as possible. (§ 16000, subd. (a).) The setting must be safe for the child. (§§ 361.3, subd. (a)(8), 16501.1, subd. (c)(1).)

■ Before a child may be placed in a relative's home, the social worker must visit the home to assess the appropriateness of the placement. (§ 361.4, subd. (a).) The same safety standards used in licensing foster homes apply to a relative home assessment. (§ 309, subd. (d).) The court or social worker must initiate a criminal records check on all persons over the age of 18 living in the home, and on any other person over the age of 18 who may have significant contact with the child. (§ 361.4, subd. (b).) If the criminal records check indicates the person has no criminal record (other than minor traffic

violations), the social worker and the court may consider the home for placement of the child under section 361.3. (§ 361.4, subd. (d)(1).)

If the criminal records check indicates the person has been convicted of a crime that would preclude licensure as a foster home, the child may not be placed in the home, unless an exemption has been granted. (§ 361.4, subd. (d)(2).) The juvenile court may review the Agency's decision not to request a waiver of the disqualifying offense for abuse of discretion. (*Valerie A., supra,* 87 Cal.App.4th at pp. 1166–1167; see Cal. Code Regs., tit. 22, § 80019.1, subd. (d)(3)(D); see generally *Gresher v. Anderson* (2005) 127 Cal.App.4th 88, 98, 99–101 [25 Cal.Rptr.3d 408] [discussing right of applicant to request a waiver under Health & Saf. Code, § 1522, subds. (d), (g)(1)].)

■ If the agency receives a request to waive the disqualifying conviction, it evaluates the criminal conviction. Convictions generally fall into two categories: crimes for which the county may grant an exemption (exemptible offenses) and crimes for which the county cannot grant an exemption (nonexemptible offenses). (Health & Saf. Code, § 1522, subd. (g)(1); Cal. Code Regs., tit. 22, § 80019.1.)

If the offense is exemptible, the Director of Social Services (DSS) or its designee county (generically, agency) has the authority to grant an exemption. (§ 361.4, subd. (d)(3)(A); see *In re Hanna S.* (2004) 118 Cal.App.4th 1087, 1091 [13 Cal.Rptr.3d 338].) The juvenile court does not have the statutory authority to grant an exemption. (*Valerie A., supra,* 87 Cal.App.4th at pp. 1166–1167; *In re S.W.* (2005) 131 Cal.App.4th 838, 849 [32 Cal.Rptr.3d 192] (*S.W.*).) To grant an exemption, the agency must have "substantial and convincing evidence to support a reasonable belief that the person with the criminal conviction is of such good character as to justify the placement and not present a risk of harm to the child . . . ." (§ 361.4, subd. (d)(2); see § 361.4, subd. (d)(3)(A); Health & Saf. Code, § 1522, subd. (g)(1); Cal. Code Regs., tit. 22, § 80019.1.)

■ To determine whether to grant a criminal records exemption, the agency must consider factors including, but not limited to, the following as evidence of good character and rehabilitation: the nature of the crime and whether it involved violence or a threat of violence to others; the period of time since the crime was committed and the number of offenses; circumstances surrounding the commission of the crime that would demonstrate the unlikelihood of repetition; activities since conviction, including employment, therapy or education; a full and unconditional pardon or certificate of rehabilitation; character references; and honesty and truthfulness in the exemption application process. (Cal. Code Regs., tit. 22, § 80019.1,

subd. (e.).) The agency must also consider the facility and type of association, and the individual's age at the time the crime was committed. (Cal. Code Regs., tit. 22, § 80019.1, subd. (f).)

With limited exceptions not applicable here, the agency cannot grant an exemption for certain convictions. (Health & Saf. Code, § 1522, subd. (g); *Gresher v. Anderson, supra,* 127 Cal.App.4th at pp. 96–97; *Doe v. Saenz* (2006) 140 Cal.App.4th 960, 974 [45 Cal.Rptr.3d 126].) A determination that an applicant has a nonexemptible criminal conviction results in a lifetime ban from being a certified foster parent, and from working in or operating a residential daycare, community care or treatment facility. (Health & Saf. Code, §§ 1502, subd. (a)(1)–(8), 1558, subd. (h); *Doe v. Saenz, supra,* at p. 974.)

■ The process of determining whether an offense is nonexemptible "presents a high danger of error." (*Doe v. Saenz, supra,* 140 Cal.App.4th at p. 997.) "This danger of error is enhanced due to the complexity of the statutory scheme identifying more than 50 non-exemptible offenses, some of which are non-exemptible only under specified conditions." (*Ibid.*; see generally *Gresher v. Anderson, supra,* 127 Cal.App.4th at p. 96.) Nonexemptible offenses include "sexual battery, certain crimes affecting children or the elderly, and a 'conviction of another crime against an individual specified in subdivision (c) of Section 667.5 of the Penal Code.' " (*Doe v. Saenz, supra,* 140 Cal.App.4th at p. 974.) Included in the list of nonexemptible offenses are offenses specified in Penal Code section 290, subdivision (c). (Health & Saf. Code, § 1522, subd. (g)(1)(A)(i).)

■ Penal Code section 290, the Sex Offender Registration Act, lists offenses requiring lifetime registration in California as a sex offender. (Pen. Code, § 290, subds. (b), (c).) These offenses include a conviction for "any offense involving lewd or lascivious conduct under Section 272." (Pen. Code, § 290, subd. (c).)

Simply stated, Penal Code section 272 proscribes any act or omission of a performance of any duty that contributes to the delinquency or dependency of a minor. Depending on the conduct for which the person was convicted, a section 272 conviction may be either exemptible or nonexemptible. If the section 272 conviction is nonexemptible, then the agency may not grant an exemption, and the juvenile court does not have the authority to place a child in the applicant's home. (§ 361.4, subd. (d)(2), (3)(A); *Valerie A., supra,* 87 Cal.App.4th at pp. 1166-1167.)

If the Penal Code section 272 conviction is exemptible, the Agency may grant the applicant an exemption based on a showing of good character and rehabilitation, as described above. (§ 361.4, subd. (d)(2), (3)(A); Health & Saf.

Code, § 1522, subd. (g)(1); Cal. Code Regs., tit. 22, § 80019.1, subds. (e), (f).) If the agency grants the relative a criminal records exemption, the juvenile court may independently consider the child's placement with that relative. (§§ 361.3, subd. (a), 366.3, subd. (e) [nonadoptive placement].) After parental rights have been terminated, the court may review the agency's prospective adoptive placement for abuse of discretion. (*DSS, supra,* 58 Cal.App.4th at p. 734; *Fresno County, supra,* 122 Cal.App.4th at pp. 648–650.) However, if the agency erroneously denies a criminal records exemption, the juvenile court cannot exercise its responsibility to consider the child's placement with the relative seeking the exemption.

## E

Citing *Valerie A.,* appellants assert the court has jurisdiction to review the Agency's refusal to request a waiver of a relative's disqualifying criminal conviction. (*Valerie A., supra,* 87 Cal.App.4th at pp. 1166–1167.) Appellants acknowledge the court cannot disregard the necessity for an exemption. They contend that a directive to the agency from the juvenile court to consider the request for a criminal records exemption under the correct legal standard does not interfere with the agency's executive authority to grant or deny an exemption.

The Agency asserts the court has no jurisdiction to review the Agency's exercise of its executive function to deny a criminal records exemption, whether the criminal conviction is for an exemptible or nonexemptible offense. (*S.W., supra,* 131 Cal.App.4th at p. 848.) The Agency states that if an applicant is dissatisfied with the agency's decision to deny a request for an exemption, the applicant may seek administrative review.

At oral argument, the Agency acknowledged the court has authority to override an agency decision if an aggrieved person has filed a writ of mandamus in the superior court after exhausting his or her administrative remedies. (Code Civ. Proc., § 1094.5.) The Agency also acknowledged existing administrative remedies do not generally provide effective relief within the context of a child's dependency case due to mandatory timelines imposed by the Legislature on dependency proceedings. Our decision here concerns only the scope of the juvenile court's authority under section 388, as raised by the parties in their briefs, and does not concern the applicability, if any, of section 1094.5 of the Code of Civil Procedure to dependency proceedings.

The question whether a court is authorized to perform a certain act is a purely legal question. (*Los Angeles County Dept. of Children & Family Services v. Superior Court* (2008) 162 Cal.App.4th 1408, 1414 [77 Cal.Rptr.3d

52].) We review questions of law de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 800–801 [35 Cal.Rptr.2d 418, 883 P.2d 960].)

Neither *Valerie A., supra,* 87 Cal.App.4th 1161, nor *S.W., supra,* 131 Cal.App.4th 838, controls the analysis here. Unlike *Valerie A.,* the Agency did not refuse to request a waiver of Steve's criminal record. (See *In re Jullian B.* (2000) 82 Cal.App.4th 1337, 1350 [99 Cal.Rptr.2d 241].) Here, the social worker initiated the criminal records exemption process and the Agency determined it could not grant an exemption of Steve's Penal Code section 272 conviction. *S.W.* concerned the juvenile court's authority to *place* a child in the home of a relative with a disqualifying criminal conviction. (*S.W., supra,* at pp. 851–852.) As appellants correctly note, the juvenile court's authority to grant an exemption or to place the child in a disqualified home is not at issue in this appeal. (*Valerie A., supra,* at pp. 1166–1167; *S.W., supra,* at p. 849; see § 361.4, subd. (d)(2).)

The Agency's decision not to grant an exemption for a criminal conviction is an executive one, subject to administrative review. (*S.W., supra,* 131 Cal.App.4th at p. 848.) This does not necessarily mean the criminal records exemption process is immune from judicial review within the context of the child's dependency proceedings. (See, e.g., *DSS, supra,* 58 Cal.App.4th at pp. 732–733; *Los Angeles County Dept. of Children & Family Services v. Superior Court* (1998) 62 Cal.App.4th 1, 9 [72 Cal.Rptr.2d 369] (*LA Dept.*); *Fresno County, supra,* 122 Cal.App.4th at p. 649.) There is no constitutional or statutory provision that expressly states the juvenile court may not review agency action for abuse of discretion. (See § 361.4; *Case v. Lazben Financial Co.* (2002) 99 Cal.App.4th 172, 184 [121 Cal.Rptr.2d 405] ["[T]he activities of one branch of government are not immune from regulation or oversight by another branch."].)

For example, when a child has been freed for adoption, the agency has exclusive custody, control and supervision of the child. (*DSS, supra,* 58 Cal.App.4th at pp. 732–733; *LA Dept., supra,* 62 Cal.App.4th at p. 9; *Fresno County, supra,* 122 Cal.App.4th at p. 649.) While the juvenile court cannot substitute its judgment for the agency, it may review the agency's placement decision for abuse of discretion, that is, it assesses whether the agency "acted arbitrarily and capriciously, considering the minor's best interests." (*DSS, supra,* at p. 734, citing *In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319 [27 Cal.Rptr.2d 595, 867 P.2d 706]; see also *Fresno County, supra,* 122 Cal.App.4th at p. 648 [the juvenile court may decide adoptive placement issues "to the point of guiding and directing the department"].)

The administrative grievance process is designed to protect the rights and interests of the applicant. (See Health & Saf. Code, §§ 1522, subd. (g), 1526,

1551; Cal. Code Regs., tit. 22, §§ 80040, 89240.) It does not necessarily safeguard the interests of the court, the child, the parent and the social worker in the child's *prompt* placement in the home of an appropriate relative. (§§ 309, 319, 361.3, 16000, subd. (a), 16501.1, subd. (c)(1); Fam. Code, § 7950, subd. (a); *In re Antonio G., supra,* 159 Cal.App.4th at pp. 376–377.) If the juvenile court lacks jurisdiction to review the agency's criminal records exemption process, the child and the parent are left without any timely, and therefore effective, means to challenge the agency's decision.

■ "The overriding concern of dependency proceedings . . . is not the interest of extended family members but the interest of the child." (*In re Lauren R., supra,* 148 Cal.App.4th at p. 855.) Placement with a suitable relative is presumptively in the child's best interest. (§§ 309, 319, 361.3, subd. (a), 16000, subd. (a), 16501.1, subd. (c)(1).) An erroneous classification of an exemptible conviction as nonexemptible offense precludes any possibility of the juvenile court's consideration of the child's interest in relative placement, and prevents the juvenile court from exercising its authority to make "any and all reasonable orders for the care, custody and supervision of dependent children," including its authority to make placement decisions under section 361.3 and to "guide and direct" the Agency's posttermination placement decisions. (*Fresno County, supra,* 122 Cal.App.4th at p. 648; see also § 366.26, subd. (k); see also *In re Robert A.* (1992) 4 Cal.App.4th 174, 189 [5 Cal.Rptr.2d 438] [under §361.2, the court has the power to instruct the Agency to make a particular out-of-home placement for a particular child].)

■ Given the importance of the interests at stake, we do not believe agency error in the criminal records exemption process should operate to strip the juvenile court of jurisdiction to consider the child's placement with an appropriate relative. (§§ 361.3, 361.4; see generally *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1102 [29 Cal.Rptr.3d 249, 112 P.3d 636] [each branch of government has certain core functions that may not be usurped by another branch].) Conversely, juvenile court review of the criminal records exemption process does not impinge the agency's exclusive authority to grant or deny a criminal records exemption. (Cf. *Le Francois v. Goel, supra,* 35 Cal.4th at p. 1097.)

■ Considering the juvenile court's role as *parens patriae,* the clear legislative preference for and the child's interest in relative placement, the urgency of dependency timelines, the lack of a timely, effective remedy for a dependent child and his or her parent through existing administrative regulations and procedures, we hold that the juvenile court may review the agency's denial of a criminal records exemption for abuse of discretion. We therefore conclude the juvenile court erred when it determined it did not have jurisdiction to review agency action for abuse of discretion and denied appellants' section 388 petitions as a matter of law.

F

Here, the Agency concluded that Steve's Penal Code section 272 conviction was nonexemptible because there was "a lack of evidence" to indicate the conviction did not involve a lewd and lascivious act. The juvenile court, without stating the basis for its finding, determined that Steve's section 272 conviction was an exemptible offense. The Agency did not challenge the court's finding at trial, and ignored the issue in its brief. Because we remand this matter to the juvenile court for a hearing under section 388, we discuss the appropriate standard that must be applied to determine whether a section 272 is a nonexemptible offense.

The statutory scheme governing criminal records exemptions does not permit the agency to *infer* that an applicant's Penal Code section 272 conviction involved lewd and lascivious behavior. An applicant is not required to prove that his or her section 272 conviction is *not* a nonexemptible sex offense. (Health & Saf. Code, § 1522, subd. (g); see generally *Gresher v. Anderson, supra,* 127 Cal.App.4th at pp. 105–110 [discussing applicant's due process rights in the criminal exemption process].) Either the agency has a valid record that the applicant was convicted, by proof beyond a reasonable doubt, of a sex offense (or other nonexemptible offense), or it does not. Further, an applicant is not required to prove the nonexistence of an offense to show good moral character. (§ 361.4, subd. (d)(2); Cal. Code Regs., tit. 22, § 80019.1, subds. (e), (f); see *Gresher v. Anderson, supra,* at pp. 97, 113.)

Unless the Agency has a record that Steve was convicted of lewd and lascivious behavior under Penal Code section 272, its classification of the section 272 conviction as a nonexemptible offense is erroneous as a matter of law. A decision that rests on an error of law constitutes an abuse of discretion. (*Holtville Farms, Inc. v. Agricultural Labor Relations Bd.* (1985) 168 Cal.App.3d 388, 395 [214 Cal.Rptr. 241] ["If the Board applied the incorrect standard to the facts, that is an abuse of discretion, i.e., an error of law."].)

G

Appellants contend reversal of the court's order dismissing the section 388 petitions necessitates reversal of the judgment terminating parental rights. (*In re Lauren R., supra,* 148 Cal.App.4th at p. 861 ["Because it is necessary to restore all parties to their prior positions, the orders terminating parental rights are also reversed."]; *In re Antonio G., supra,* 159 Cal.App.4th 369, 379; *In re H.G., supra,* 146 Cal.App.4th 1; *In re Jeremy W., supra,* 3 Cal.App.4th 1407.) Although Esperanza was not placed with the C.'s, we conclude that reversal of the order terminating parental rights is required under the circumstances here.

When Esperanza was detained, the C.'s immediately came forward and requested placement. The C.'s consistently visited Esperanza. They told the social worker they wanted to adopt her. Esperanza's guardian ad litem believed Esperanza's placement with the C.'s was in her best interests. The guardian ad litem informed the court the C.'s protective issues were long resolved, the C.'s were good parents to their children, and their home met safety standards. (§ 309, subd. (d)(2).) Esperanza's placement with the C.'s would enable her to remain in contact with her extended family, including three siblings who had been adopted by other family members. Because of concerns about age and health, Esperanza's other relatives were not able to care for her. Other than the C.'s, there were no other relatives the court could consider for placement. We also note Esperanza filed a section 388 petition seeking judicial review of her placement and appealed the court's ruling that it did not have jurisdiction to consider her petition.

 The court expressed concern about the Agency's processes, and observed that if it had jurisdiction, it "would have a lot of questions of the agency as to why they can't grant this [exemption]." While the Agency expressed concerns about the C.'s past involvement with child protective services, "a prior child protective history does not bar a relative from being evaluated and considered for placement of a dependent child under section 361.3." (*In re Antonio G., supra,* 159 Cal.App.4th at p. 378.) Without reversal of the judgment terminating parental rights, the court cannot exercise its independent judgment to consider Esperanza's placement with the C.'s. Although the passage of time may impact assessment of the child's best interest and the child's wishes (§ 361.3, subd. (a)(1), (2)), Esperanza is entitled to a "fair chance" to be placed with her natural family. (Cf. *In re Antonio G., supra,* 159 Cal.App.4th at p. 378; *Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1033 [111 Cal.Rptr.2d 243].) To foreclose judicial consideration of a child's placement with a relative based on an error of law would constitute a miscarriage of justice. (Cal. Const., art. VI, § 13.)

## DISPOSITION

The orders denying the section 388 petitions are reversed. The order terminating parental rights under section 366.26 is also necessarily reversed. (*In re Lauren R., supra,* 148 Cal.App.4th at p. 861.) The matter is remanded to the juvenile court with directions to hold a hearing on Esperanza's and Laura's section 388 petitions. If the court determines the Agency abused its discretion in the criminal records exemption process, the court shall order the Agency to evaluate Steve's request for a criminal records exemption under the correct legal standard and to promptly report its decision to the court and parties, as the court requires.

We acknowledge Laura's subsequent appeal challenging the juvenile court's order terminating parental rights under section 366.26. On finality of this decision under California Rules of Court, rule 8.264(b), Court of Appeal case No. D052294 will be dismissed. (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404 [106 Cal.Rptr.2d 926], quoting 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669 ["[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events . . . and the appeal will therefore be dismissed."].)

Nares, Acting P. J., concurred and O'Rourke, J., concurred in the result.

On August 22, 2008, the opinion was modified to read as printed above.