Filed 12/24/13  Secord v. Massingham & Associates Mgt., Inc. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JONATHAN SECORD,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MASSINGHAM & ASSOCIATES<br>MANAGEMENT, INC.,<br><br>    Defendant and Appellant. | H038290<br>(Santa Clara County<br>Super. Ct. No. CV172115) |

Defendant Massingham & Associates Management, Inc. (Massingham) brings this appeal to challenge an order enforcing a settlement agreement with plaintiff Jonathan Secord.  Even disregarding the procedural defects in Massingham's appeal, we find the settlement issue it raises to be moot.  Accordingly, we will dismiss the appeal.

*Background*

According to Massingham, "[t]he principal facts relevant to this appeal are not in dispute."  On the contrary, they are very much in dispute.  Nevertheless, because the issues between the parties are of only academic significance, the factual discrepancies are not material to the outcome of the appeal.

In January 2010, plaintiff Secord, a homeowner and member of the Siena at Montecito Vista HOA (Siena), unsuccessfully ran for election to the Siena board of directors.  Secord brought suit to invalidate the election, naming both Siena and

Massingham, Siena's management company.  Siena cross-complained against Massingham and two other corporations.  Secord obtained a temporary restraining order and was thereafter elected to the board.  He then sought to recover his legal fees and court costs.

Secord and his attorney attended an afternoon settlement hearing on October 26, 2011, presided over by temporary judge Phil Young.  Also present were Siena's counsel, John Downing, who informed the court that for purposes of the settlement he represented all the defendants, including Massingham.   The parties announced that they had agreed on settlement terms, which called for specified payments to Secord from all defendants.  Massingham was to pay $5,500, mutual releases would be drafted, and should enforcement of the agreement be necessary, attorney fees would be payable to the prevailing party.  Downing offered to draft the written agreement, and he confirmed that he represented all of the defendants.

When the Hon. Patricia M. Lucas appeared, she recited her understanding that the parties intended this agreement to be enforceable, and she obtained from Downing a date for dismissal with prejudice of all claims in the action.

What was not revealed at the settlement hearing was a private agreement between Downing and Massingham's counsel, Jeffrey Cereghino, in which Massingham agreed to contribute $5,500 in exchange for Siena's consent to a one-year extension of Massingham's management contract.  Downing did not believe he needed to make this agreement part of the record, because Secord was not part of the negotiations between the two cross-defendants, Massingham and Siena.

When a draft of the written settlement agreement was circulated, Massingham added a new term extending its management contract.[1]  Secord opposed the new

---

[1] The inserted language stated the following:  "In exchange for Massingham's settlement contribution herein, Sienna [*sic*] agrees to extend Massingham [*sic*] exisiting [*sic*]

2

language, and the parties agreed that the extension should be provided in a separate agreement rather than the global release. Massingham and the other defendants paid their settlement shares, but Massingham did not sign the written agreement.

By this time Secord was on the Siena board as its treasurer. On December 29, 2011, the board voted (2-1) to terminate Massingham's contract and notified the company of its decision. The next day, however, the board rescinded that decision (with Secord voting against rescission).

On January 23, 2012, Secord moved to enforce the settlement and award attorney fees pursuant to the agreement. On March 14, 2012, Judge Lucas found Secord to be "clearly the prevailing party" and awarded him $9,878.46 for attorney fees and costs, for which Siena and Massingham were jointly and severally liable. Following a tentative ruling entered earlier (which is not in the record), the court entered judgment on the motion on April 5, 2012, finding "uncontradicted evidence" that in the settlement proceedings Massingham had been represented by Downing. The court therefore granted the motion as to both Siena and Massingham and restated its prior award of attorney fees.

*Discussion*

*1. Defective Notice of Appeal*

Massingham fails at the outset to present a proper appeal. It asserts that it is appealing from the April 5, 2012 judgment, but its notice of appeal and Civil Case Information Statement indicate that it is appealing from the order three weeks earlier, which awarded Secord attorney fees. Thus, only the correctness of the attorney fees order is properly before us and we need not address the superior court's decision to

---

contract for a [*sic*] one year commencing upon the last day of the present contract and Massingham agrees to provide management services pursuant to the contract for a period of 45 days without charge commencing at the beginning of the contract extension. Those services shall not include any extra or special services beyond the scope of the monthly services set forth in the existing management contract."

enforce the settlement agreement. Nevertheless, given the rules prescribing liberal construction of notices of appeal, and inasmuch as the notice of appeal was filed after the entry of judgment, we may construe it as having been taken from the judgment rather than from the preceding order awarding attorney fees. As Secord does not object to such treatment, we proceed to address Massingham's assertion of error in enforcing the settlement.

*2. Mootness*

The premise of Massingham's position on appeal is that the one-year extension of its management contract was a "material and essential term" of the settlement. Because this extension provision "was never articulated" at the settlement hearing, he argues, "there was no meeting of the minds and no settlement."

This court is mystified as to what Massingham hopes to accomplish in this appeal. If, as Massingham maintains, a condition of settlement was the contract extension, the record demonstrates that it obtained that extension. The full settlement amount has been paid. Now, having agreed to settle Secord's demand for attorney fees, Massingham is incurring even more expense by challenging the enforcement of the order, even though it received exactly what it had demanded without further judicial intervention. Massingham professes to seek a remand "for further dispensation"; but he does not identify what action should be taken next or what benefit he can obtain from a reversal.

Secord raised the question of mootness in his respondent's brief, but Massingham elected not to reply. We invited Massingham to submit an informal letter brief explaining why this appeal should not be dismissed as moot, and it accepted the invitation. Yet it continued to assert error without acknowledging that it received what it had demanded. Instead, Massingham suggested that the issue "will be moot," and posits issues over the attorney fee award and satisfaction of judgment, which were, of course, not raised in its appellate brief. We now conclude that the appeal should be dismissed.

4

"It is well settled that an appellate court will decide only actual controversies." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.)  "An appellate court will not review questions which are moot and which are only of academic importance. It will not undertake to determine abstract questions of law at the request of a party who shows that no substantial rights can be affected by the decision either way."  (*Keefer v. Keefer* (1939) 31 Cal.App.2d 335, 337; see also *City of Lodi v. Randtron* (2004) 118 Cal.App.4th 337, 363 [question becomes moot "when the appellate court is unable to grant any effectual relief or render an opinion that affects the matter at issue"; *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 [appeal is subject to dismissal for mootness if reviewing court's decision can have no practical impact or provide effective relief]; *Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 78 [same].)  This principle is applicable here, where Massingham has asked for a decision that at best would confirm that the contract-extension term was included in the settlement, but would have no practical impact on the relationship between the parties because Massingham received exactly what it wanted from the settlement.

*Disposition*

The appeal is dismissed.


ELIA, J.


WE CONCUR:

RUSHING, P. J.

PREMO, J.