184 Cal.App.4th 120 (2010)
In re K.C., a Person Coming Under the Juvenile Court Law.
KINGS COUNTY HUMAN SERVICES AGENCY, Plaintiff and Respondent,
v.
J.C., Defendant and Appellant.
No. F058395.
Court of Appeals of California, Fifth District.
April 26, 2010.
*122 Monica Vogelmann, under appointment by the Court of Appeal, for Defendant and Appellant.
Peter Moock, County Counsel, and Johannah Hartley, Deputy County Counsel, for Plaintiff and Respondent.

OPINION
THE COURT.[*]J.C. (father) appeals from an order terminating parental rights (Welf. & Inst. Code, § 366.26) to his son, K.[1] At the same hearing that resulted in the termination, the trial court also denied a petition for relative placement (§ 388) brought by the child's paternal grandparents (grandparents). Father's sole contention is that the court erred in denying the relative placement request. On review, we affirm. We hold father does not have appellate standing to contest the denial order.

PROCEDURAL AND FACTUAL HISTORY
In December 2008, the Kings County Superior Court adjudged infant K. a juvenile dependent child and removed him from parental custody. There was a substantial risk that the infant would be abused or neglected. His mother's chronic abuse of methamphetamine and alcohol rendered her unable to provide K. with regular care and supervision. (§ 300, subd. (b).) In addition, she had previously neglected and failed to reunify with K.'s siblings who were juvenile dependents of the Tulare County Superior Court. (§ 300, subd. (j).) At the same December 2008 hearing, the court denied both parents reunification services (§ 361.5, subd. (b)(10), (11) & (13)) and set an April 2009 section 366.26 hearing to select and implement a permanent plan for K.
In the meantime, the grandparents requested placement of K. and were going through the process of a placement assessment. They also expressed a willingness to adopt K. Respondent Kings County Human Services Agency (agency) meanwhile placed K. in a foster home.
The agency completed its placement assessment of the grandparents in mid-January 2009. It determined the grandparents' home met the licensing requirements under section 361.4. However, for numerous reasons, the agency determined K.'s placement with the grandparents was not in his best *123 interest, and so denied the placement request. When the grandparents submitted a grievance, the agency's program manager reconsidered the decision not to place. Upon reconsideration, the program manager decided not to overturn the previous decision and so informed the grandparents in writing in March 2009.
An adoption specialist with California's State Department of Social Services (CDSS) meanwhile filed a "366.26 WIC Report" in which it recommended the court find K. adoptable and order termination of parental rights. Because it is undisputed that K. is likely to be adopted, we need not summarize the supporting evidence here.
According to the report's history of family contacts, there had been no visits between K. and his birth parents since his detention in November 2008 when K. was six weeks old. The court, however, had authorized supervised visits between K. and father at the detention hearing. Due to the lack of visitation and contact, it was difficult to state that a significant bond and attachment had formed. It did not appear termination would be detrimental to K.
In April 2009, the grandparents petitioned, pursuant to section 388, to have K. placed in their home. The court ordered a hearing on the grandparents' petition. The hearing eventually occurred, along with the permanency planning hearing, in August 2009. Following a two-day evidentiary hearing on the grandparents' petition, father's counsel joined in their argument for placement.
The court thereafter denied the grandparents' petition. It found, having considered factors outlined in section 361.3 regarding relative placement, that placing K. with the grandparents would not be appropriate.
The parties then proceeded with the section 366.26 hearing. The agency submitted the matter on the 366.26 WIC Report previously filed by CDSS. There was also testimony that father had still not visited with K. In fact, since K.'s birth, father saw him only once. Father's counsel acknowledged there was no exception to adoption that applied in this case. Nevertheless, father did not agree K. should be adopted. He wanted the opportunity to have K. in his care and to have K. placed with the grandparents.
Having found K. was likely to be adopted, the court terminated parental rights. Both father and the grandparents filed notices of appeal.[2]

*124 DISCUSSION
(1) As a general rule, a parent may appeal a judgment or appealable order in a juvenile dependency matter. (§ 395, subd. (a)(1).) As in any appeal, however, the parent must establish he or she is an aggrieved party to obtain an on-the-merits review of a particular ruling. (In re Carissa G. (1999) 76 Cal.App.4th 731, 734 [90 Cal.Rptr.2d 561] (Carissa G.).) To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision. (Ibid., citing County of Alameda v. Carleson (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953].) An appellant's interest must not be nominal or a remote consequence of the court's decision. (Carissa G., at p. 734, citing County of Alameda, at p. 737.)
Father contends he has standing to challenge the trial court's denial of the grandparents' placement request because: one, he still had a fundamental interest in his son's companionship, custody, management and care at the time of the court's ruling even though family reunification was no longer a goal of the proceedings; and two, relative placement had the potential to alter the trial court's determination of the appropriate permanent plan for the child and thus might affect his (father's) interest. He relies on In re H.G. (2006) 146 Cal.App.4th 1, 9-10 [52 Cal.Rptr.3d 364] (H.G.) and In re Esperanza C. (2008) 165 Cal.App.4th 1042, 1054 [81 Cal.Rptr.3d 556] (Esperanza C.) for these propositions. In what appears to be an alternative argument, father argues the court's denial directly impacted his future relationship with K. because had the court granted the grandparents' petition, father would have the opportunity to visit and have a relationship with K.
As discussed below, we concur with father and the cases he cites that he still had a fundamental interest in his son's companionship, custody, management and care at the time of the court's ruling. We disagree, nevertheless, that a parent need only show that the trial court's decision has a potential to or may affect his fundamental interest in order to establish appellate standing. We also are not persuaded by father's alternative argument that the court's denial directly impacted his future relationship with his son.

A Parent's Interest
Over the years, some appellate courts have assumed a parent's interest for standing purposes was to reunify with his or her dependent child. (See In re Daniel D. (1994) 24 Cal.App.4th 1823, 1835 [30 Cal.Rptr.2d 245]; In re Vanessa Z. (1994) 23 Cal.App.4th 258, 261 [28 Cal.Rptr.2d 313].) In these cases, appellate courts rejected the parents' efforts to challenge orders denying relatives de facto parent status when reunification was no longer the *125 goal of the dependency proceedings. The courts ruled the denial orders did not prejudice the parents' right or interest to reunify. (Daniel D., at p. 1835; Vanessa Z, at p. 261.)
Following this same assumption, the appellate court in Cesar V. v. Superior Court (2001) 91 Cal.App.4th 1023, 1035 [111 Cal.Rptr.2d 243] (Cesar V.), held a parent lacked appellate standing to challenge a court's ruling on a relative placement issue. Like the earlier cases cited above, the proceedings in Cesar V. had reached the stage where reunification was no longer the goal. The Cesar V. court explained it could not see how the denial of relative placement affected the parent's interest in reunification with the children. (Ibid.)
More recently, the Fourth District, Division One in H.G., supra, 146 Cal.App.4th at page 9 and Esperanza C., supra, 165 Cal.App.4th at page 1054, has articulated a broader view of a parent's interest. Even when reunification is no longer a goal of the dependency proceedings, these cases observe, a parent retains a fundamental interest in the child's companionship, custody, management and care until parental rights are terminated. (H.G., at p. 9; Esperanza C., at p. 1054.) This approach is based on the principle articulated in Stanley v. Illinois (1972) 405 U.S. 645, 651 [31 L.Ed.2d 551, 92 S.Ct. 1208] that a parent's interest in the companionship, care, custody and management of his or her children is a fundamental civil right. (See also In re B.G. (1974) 11 Cal.3d 679, 688 [114 Cal.Rptr. 444, 523 P.2d 244].)
The H.G. court added that the dependency statutory scheme reflects this principle. (H.G., supra, 146 Cal.App.4th at pp. 9-10.) It specifically cited to sections 361.3, subdivision (a)(2), 388 and 366.21, subdivision (h). (H.G., supra, 146 Cal.App.4th at pp. 9-10.) Section 361.3, subdivision (a)(2) obligates the juvenile court to consider a parent's wishes, among other factors, when considering relative placement. Section 388 authorizes modification of a prior dependency order upon a showing of changed circumstances and that a different order would promote the child's best interest. H.G. noted section 388 would allow return to parental custody upon a showing of changed circumstances after reunification services are terminated. (H.G., supra, 146 Cal.App.4th at p. 10.) Section 366.21, subdivision (h) authorizes parent/child visitation after termination of reunification services.
(2) We agree with this reasoned approach in characterizing a parent's interest, that is, a parent retains a fundamental interest in the child's companionship, custody, management and care until parental rights are terminated. We would add to the H.G. list of statutory provisions which reflect this principle section 366.26, subdivision (c)(1)(B). This provision sets forth a discrete set of grounds that a parent (or for that matter any other *126 party) may raise in an effort to establish at a permanency planning hearing that termination would be detrimental to the child. While reunification may no longer be possible, a parent may seek to preserve his or her relationship with the child in this way.

"Injuriously Affected"
There remains the question of whether the court's denial of the grandparents' placement request injuriously affected father's interest. (Carissa G., supra, 76 Cal.App.4th at p. 734.) The answer in this case is no.
K.'s placement at this late stage of the dependency proceedings had no bearing on father's interest. (In re Aaron R. (2005) 130 Cal.App.4th 697, 703 [29 Cal.Rptr.3d 921].) The court's ruling did not preclude father from pursuing relief under section 388 to set aside the permanency planning hearing and attempt reunification. The ruling also did not prohibit father from presenting any evidence at the hearing regarding an exception under section 366.26, subdivision (c)(1)(B) to adoption as the preferred permanent plan for K. (Cesar V., supra, 91 Cal.App.4th at p. 1035). More to the point, had the court granted the grandparents' request, it would not have advanced father's interest. There was nothing to prevent the court at that stage from proceeding with its section 366.26 hearing, finding the child adoptable and terminating parental rights.
Nevertheless, father essentially argues he does not have to show his interest was injuriously affected, only that it might be affected. As mentioned above, he relies on H.G. and Esperanza C. for the proposition that he has standing because relative placement had the potential to alter the trial court's determination of the appropriate permanent plan for the child and thus may affect his (father's) interest. (H.G., supra, 146 Cal.App.4th at p. 10; Esperanza C., supra, 165 Cal.App.4th at p. 1054.)
In H.G., supra, 146 Cal.App.4th at page 6, a dependent child had been placed with relatives since she was first detained. On the figurative eve of the section 366.26 hearing, the child protective services agency redetained the child and filed a supplemental petition under section 387 alleging the child's relative placement was no longer appropriate. The trial court granted the agency's petition and terminated parental rights. The parents appealed. (H.G., supra, 146 Cal.App.4th at pp. 7-8.)
The H.G. court concluded the parents had appellate standing to challenge the trial court's findings and orders under section 387. (H.G., supra, 146 Cal.App.4th at p. 10.) Having first determined the parents retained a fundamental interest in the child even though reunification was no longer a goal of *127 the proceedings (id. at p. 9), the court added: "a placement decision under section 387 has the potential to alter the court's determination of the child's best interests and the appropriate permanency plan for that child, and thus may affect a parent's interest in his or her legal status with respect to the child." (H.G., supra, 146 Cal.App.4th at p. 10.)
Conceivably, a decision under section 387 to remove a child from a relative's care at the permanency planning stage would affect the parent's interest if the relative would have otherwise met the definition in section 366.26, subdivision (c)(1)(A).[3] According to section 366.26, subdivision (c)(1)(A), a court should not terminate parental rights if: "[t]he child is living with a relative who is unable or unwilling to adopt the child because of circumstances that do not include an unwillingness to accept legal or financial responsibility for the child, but who is willing and capable of providing the child with a stable and permanent environment through legal guardianship, and the removal of the child from the custody of his or her relative would be detrimental to the emotional well-being of the child."
Standing would depend in turn on the particular facts of a case. Parenthetically, there was no evidence in H.G. that the relatives were unable or unwilling to adopt. They in fact had initiated the adoption process when the court terminated reunification efforts and set the section 366.26 hearing. (H.G., supra, 146 Cal.App.4th at p. 6.)
In any event, H.G. is so factually and procedurally distinct from this case that it has little bearing on the standing question here. K. was never placed with the grandparents let alone removed, pursuant to section 387, from their care prior to the section 366.26 hearing. Section 366.26, subdivision (c)(1)(A) was inapplicable in this case and would have been even had the grandparents prevailed. That is because K.'s grandparents wanted to adopt him.
By contrast, Esperanza C. shares some procedural similarities with this case. The trial court in Esperanza C. set a section 366.26 hearing after removing a dependent child from parental custody and denying the parent reunification services. When a child protective services agency later denied a relative's request for placement, a section 388 petition was brought for the court to review the agency's decision and grant the relative placement. The court denied the petition and subsequently terminated parental rights. (Esperanza C., supra, 165 Cal.App.4th at pp. 1050-1052.)
The appellate court determined the mother had standing to appeal the denial of the section 388 petition. (Esperanza C., supra, 165 Cal.App.4th at *128 pp. 1053-1054.) The court relied on its earlier decision in H.G. for the proposition that until parental rights are terminated, a parent retains a fundamental interest in his or her child's companionship, custody, management and care. (Id. at p. 1053.) It added: "This court has also recognized that placement of a child with a relative has the potential to alter the juvenile court's determination of the child's best interests and the appropriate permanency plan for that child, and may affect a parent's interest in his or her legal status with respect to the child. (In re H.G., supra, 146 Cal.App.4th at pp. 9-10; see, e.g., § 366.26, subd. (c)(1)(A) (former subd. (c)(1)(D)); see also In re L.Y.L. [(2002)] 101 Cal.App.4th [942,] 950-951 [124 Cal.Rptr.2d 688].) While an alternative permanency plan to adoption may be unlikely on this record, it remains a statutory option for the juvenile court." (Esperanza C., supra, 165 Cal.App.4th at p. 1054.)
(3) To the extent the court in Esperanza C. broadens the applicability of its H.G. holding and permits standing on a hypothetical ground, we respectfully disagree. For standing purposes, a parent must show his or her interests "are injuriously affected" by the court's decision (County of Alameda v. Carleson, supra, 5 Cal.3d at p. 737), not that the parent's interest theoretically might be affected. A decision that has the "potential" to or "may affect" the parent's interest, even though it may be "unlikely" (Esperanza C., supra, 165 Cal.App.4th at p. 1054), in our view, does not render the parent aggrieved.
(4) We therefore hold as follows. A parent does not have appellate standing to challenge an order denying a relative placement request once a permanency planning hearing is pending unless the parent can show his or her interest in the child's companionship, custody, management and care is, rather than may be, "injuriously affected" by the court's decision.
In this case, father has not made such a showing. His argument that the court's denial directly impacted his future relationship with K. is meritless. As we previously observed, had the court granted the grandparents' request, there was nothing to prevent the court at that stage from proceeding with its section 366.26 hearing, finding the child adoptable and terminating parental rights. In this respect, father confuses his fundamental interest, which would have been extinguished in any event, with the possibility he might visit K. at some future point if the grandparents saw fit. In an ironic twist, father also ignores his own conduct, in having seen K. only once in the child's life and failing to ever visit the child after dependency proceedings were initiated. Under the circumstances of this case, it was not the court's decision on the placement request that directly impacted father's interest.
*129 We therefore conclude father is not entitled to an on-the-merits review of the trial court's ruling on the relative placement request. Because father raises no other issue in his appeal, we shall affirm.

DISPOSITION
The order terminating parental rights is affirmed.
NOTES
[*] "Levy, Acting P.J., Hill, J., and Kane, J.
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] The grandparents' notice was untimely and this court subsequently dismissed their appeal.
[3] The H.G. court cited, in its analysis, the predecessor to this provision, former section 366.26, subdivision (c)(1)(D).